Mary D. SIEGERT, James O. Siegert, Linda Siegert Warren, and Paul William Siegert, Appellants,

v.

Daniel C. HERNDON, Thomas C. Herndon, George Marble, Polly M. Campbell, Kay Campbell Cravens, Susan Bragg, Thetis Gardner, Mary Jim Jones, John Roy Sanderford, III, Stacie Sanderford, Mauri Sanderford, Virginia Louise Busse, Charles Moore Frede, Jane Moore Murphy, Melanie Moore Kolby, Jerry Mason Moore, Robert Harry Moore, Estate of Robert T. Moore, Geraldine Moore, Joyce M. Free, Estate of Margaret S. Easley, Elizabeth Sayles, Imogene Clay Chappel, T.C. Clay and E. Finney Clay, Appellees.

No. 01–96–00050–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 31, 1997.

Rehearing Overruled Oct. 20, 1997.

---

**5.** Therefore, it is not necessary for us to state whether, in our opinion, *Hill* was correctly decided, and we decline to do so.

Bill Youngkin, Jack W. Dillard, Bryan, for Appellants.

Bill Payne, Bryan, for Appellees.

Before SCHNEIDER, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal of a summary judgment in a suit to determine the ownership of mineral interests. We reverse and remand.

In appellants' third point of error, they assert the trial court erred when it granted summary judgment because the motion for summary judgment filed by appellees failed to set out grounds for relief. Appellants are correct. The defect in appellees' motion for summary judgment is fatal.

Appellees' motion for summary judgment, filed February 22, 1995, reads, in full:

### I.

NOW COME the Cross–Defendants and file this their Motion for Summary Judgment under Rule 166–a of the Texas Rules of Civil Procedure, on all issues pertaining to the royalty ownership in the tract of land totaling 182.08 acres, and would respectfully show the Court the following:

### II.

There is no genuine issue as to any material fact in this cause and Cross–Defendants are entitled to judgment against all other parties in this case as a matter of law.

### III.

This Motion for Summary Judgment is based upon the pleadings and upon the affidavits and exhibits attached and made a part of this Motion.

Wherefore, Cross–Defendants request that:

    1. This Motion be set for a hearing by the Court;

    2. On hearing and consideration of this Motion, the Motion be granted;

    3. Summary Judgment be entered in favor of Cross–Defendants against all other parties;

    4. Cross–Defendants be awarded all costs of Court; and

    5. Cross–Defendants be awarded such other and further relief, including attorney's fees to which the Court deems it just.

In their pleadings, appellants and appellees each advanced alternative theories to support their respective positions. Appellees' motion for summary judgment does not specify what defect in appellants' theories, or what portion of appellees' theories, entitled appellees to judgment as a matter of law.

Under rule 166a, a motion for summary judgment must "state the specific grounds therefor," and the trial court is to render judgment if "the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion, or in an answer or any other response." TEX.R. CIV. P. 166 a(c). Appellees' motion for summary judgment is almost identical to the motion for summary judgment filed in *McConnell v. Southside School District*, 858 S.W.2d 337, 338–39 (Tex.1993).[1] The supreme court held the motion stated no grounds, and reversed. 858 S.W.2d at 344.

■ Appellees argue that appellants have waived the defect because they did not file an objection to the motion, or complain at the hearing on the motion, so as to give appellees an opportunity to amend or correct any defect. However, the supreme court has held to the contrary:

[S]ummary judgments must stand or fall on their own merits, and the non-movants' failure to except or respond cannot supply by default the grounds for summary judgment ... the movant must still assert grounds in the motion for summary judgment itself and establish its entitlement to summary judgment.

*McConnell*, 858 S.W.2d at 342.

■ Appellees next argue that the deeds and affidavits filed with the motion for summary judgment show the grounds for summary judgment. In response to the same argument in *McConnell*, the supreme court held, unequivocally, that "a motion must stand or fall on the grounds expressly presented *in the motion*. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence." *McConnell*, 858 S.W.2d at 341(emphasis added). This holding was recently reaffirmed by the Supreme Court in *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex.1997).

We are constrained to follow the supreme court dictates on this issue. Accordingly, we sustain appellants' third point of error, which is dispositive.

We reverse the summary judgment and remand the case to the trial court.

---

1. In *McConnell*, the motion for summary judgment read:

Defendants, SOUTHSIDE ..., in accordance with Rule 166a of the Texas Rules of Civil Procedure, move this Court for summary judgment in the above entitled action on the grounds that there are no genuine issues as to any material facts and that these Defendants are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law. The Defendants respectfully request this Court to enter a summary judgment based on the pleadings in file, this Brief in Support [sic], containing the undisputed facts and conclusions of law as required by the local Rules, and transcripts, together with affidavits submitted along with this motion, or in the alternative to specify what, if any, facts remain to be determined.