Betty **BAKER**, Appellant,

v.

**GREGG COUNTY**, Texas, and Molly **Barber**, Individually, Appellees.

No. 06–99–00172–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 5, 2000.

Decided Oct. 23, 2000.

Jon R. Ker, Ker & Fisher, PC, Hewitt, for appellant.

L. Charles Van Cleef, Robert S. Davis, Christi Kennedy, Flowers, Davis Fraser, Derryberry, Van Cleef, LLP, Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION .

Opinion by Justice ROSS.

Betty Baker appeals the trial court's order granting a no-evidence motion for summary judgment filed by Gregg County and the county clerk of Gregg County, Molly Barber. Baker also appeals the granting of a traditional motion for summary judgment filed by Gregg County.

Baker was employed in the county clerk's office and was terminated from her job on May 5, 1994. In April 1996, she filed suit against the county alleging discrimination on the basis of age, discrimination on the basis of disability, retaliatory firing, wrongful termination, violation of free speech rights, and denial of due process. She also brought suit against Barber, in her individual capacity, alleging violation of free speech rights. After almost three years of discovery, Gregg County and Barber filed a no-evidence motion for summary judgment. Baker filed her response to the motion, attaching cer-

tain exhibits.[1] On April 6, 1999, after realizing that pages from the Gregg County policy and procedures manual had not been attached to the response, Baker faxed the pages to opposing counsel and to the district clerk, requesting that the clerk file the pages and place them with her response.[2] At the summary judgment hearing on April 12, 1999, Gregg County and Barber objected to the pages on the grounds that they were improper summary judgment evidence and that they were not submitted in a timely manner. The trial court agreed that the policy manual pages were not properly authenticated and stated that they were not proper summary judgment evidence. The court granted the no-evidence motion on the claim against Barber and the wrongful termination, free speech, and due process claims against Gregg County.

On the following day, a jury was selected and the case proceeded to trial on the remaining claims of age discrimination and retaliatory firing. During the trial, juror misconduct occurred and the court ordered a mistrial. Gregg County then filed a traditional motion for summary judgment as to the two remaining claims, using Baker's trial testimony as summary judgment evidence. Baker's response conceded that the retaliatory firing claim should be dismissed, but argued that summary judgment was not appropriate as to the age discrimination claim. After a hearing, Gregg County's traditional motion for summary judgment was granted.

In eight points of error, Baker contends that the trial court erred by granting the no-evidence motion when that motion did not comply with Tex.R. Civ. P. 166a(i) and by failing to consider the policy and procedures manual as summary judgment evidence. She claims that Tex.R. Civ. P.

166a(f) required that Gregg County and Barber object to any defects in her affidavit and that she be given an opportunity to correct those defects. She also contends that the trial court erred by granting the no-evidence motion for summary judgment with respect to her wrongful termination claim, her free speech claim, and her due process claim. Finally, Baker contends that the trial court erred in granting summary judgment on her age discrimination claim.

In 1997, paragraph (i) was added to Texas Rule of Civil Procedure 166a. This addition created the "no-evidence" motion for summary judgment. By filing a no-evidence motion for summary judgment, the party without the burden at trial can force the opposing party to bring forth some evidence of one or more elements of its claims. A no-evidence motion for summary judgment must specifically state the elements on which there is no proof. Tex.R. Civ. P. 166a(i). "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." Tex.R. Civ. P. 166a, cmt.[3]

> The rule requires a motion to be specific in alleging a lack of evidence on an essential element of the plaintiffs' alleged cause of action, but it does not require that the motion specifically attack the evidentiary components that may prove an element of the cause of action. The specificity requirement is designed to avoid conclusory no-evidence challenges to an opponent's cause of action.

*In re Mohawk Rubber Co.*, 982 S.W.2d 494, 497–98 (Tex.App.—Texarkana 1998, no pet.).

---

1. Before filing her response, Baker filed her first amended original petition, dropping the disability discrimination claim.

2. The Gregg County policy and procedures manual was essential for Baker's wrongful termination claim because it established the

county's policy of firing workers only for good cause.

3. "[This comment] is intended to inform the construction and application of the rule." Tex.R. Civ. P. 166a, cmt.

Baker contends that the no-evidence motion for summary judgment filed by Gregg County and Barber is defective because it fails to specifically allege the elements on which Baker lacked evidence.[4] Section II of the motion, entitled "Issues Justifying Summary Judgment," lists Baker's claims and states the elements that are lacking in each. The motion, therefore, conforms with Rule 166a(i).

Baker next contends that the pages from the Gregg County policy and procedures manual faxed to the court on April 6, 1999, were improperly excluded as summary judgment evidence. The admission or exclusion of summary judgment evidence rests with the sound discretion of the trial court. *New Braunfels Factory Outlet Ctr., Inc. v. IHOP Realty Corp.*, 872 S.W.2d 303, 310 (Tex.App.—Austin 1994, no writ). "Rulings concerning the admission or exclusion of summary judgment evidence are reviewed under an abuse of discretion standard." *Barraza v. Eureka Co.*, 25 S.W.3d 225, 228 (Tex.App.—El Paso 2000, pet. denied).

Rule 166a(c) requires that a respondent obtain leave of court to file affidavits or a written response less than seven days before the hearing. Tex.R. Civ. P. 166a(c). Rule 166a(d) allows a respondent to use summary judgment evidence not on file with the court so long as,

copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: ... (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

Tex.R. Civ. P. 166a(d). This rule does not require authentication of the evidence. *McConathy v. McConathy*, 869 S.W.2d 341 (Tex.1994).

Baker argues that Rules 166a(c) and 166a(d) permitted her to fax additional summary judgment evidence to the court for it to consider at the summary judgment hearing. Baker's argument fails as to both rules because she did not submit the pages to the court at least seven days before the hearing. Baker faxed the pages to the court and opposing counsel on April 6, 1999, and the no-evidence motion was heard on April 12, 1999. In computing time under the Texas rules, the day triggering the period of time is not included. Tex.R. Civ. P. 4. Therefore, the pages faxed on April 6 were submitted only six days before the April 12 hearing. Her supplementation did not meet the seven-day requirement set out in both Rule 166a(c) and Rule 166a(d). Baker filed neither a motion for leave to amend nor a motion for continuance. Either of these motions, if granted by the trial court, would have given Baker the opportunity to timely supplement her response.

Although Baker's arguments fail by computing the time requirements, we will briefly address her other arguments. First, Baker contends that according to Rule 166a(c), the trial court should have considered her faxed policy manual pages as a supplement to her motion. Rule 166a(c) applies only to affidavits and written responses; pages from a policy manual qualify as neither.[5] Rule 166a(c) also re-

---

4. In her brief, Baker also claims that Gregg County and Barber stated the wrong standard for a no-evidence motion for summary judgment. To the contrary, Gregg County and Barber set out the standards for both a traditional motion for summary judgment *and* a no-evidence motion for summary judgment. Tex.R. Civ. P. 166a does not prohibit such hybrid motions. *See Grant v. Southwestern Elec. Power Co.*, 20 S.W.3d 764, 768 (Tex.App.—Texarkana 2000, pet. filed).

5. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996) (affidavit filed two days before hearing without leave of court was improper summary judgment evidence); *see Neimes v. Kien Chung Ta*, 985 S.W.2d 132, 138 (Tex.App.—San Antonio 1998, pet. dism'd by agr.) (response filed later

quires leave of court, which Baker did not seek.

Next, Baker argues that the evidence submitted by fax was properly authenticated through the affidavit attached to her original response. She argues, alternatively, that she was not required to authenticate the evidence under Rule 166a(d). The trial court stated that the material was not proper summary judgment evidence, pointing out that it was not properly authenticated. Since we review the trial court's admission or exclusion of summary judgment evidence on an abuse of discretion standard, whether the evidence was required to be authenticated is immaterial because it was clearly untimely and not properly before the court.

Rule 166a(f) provides that after a summary judgment has been granted, the party who opposed the motion cannot use a defect in the form of an affidavit as grounds for reversal unless it objected to the defect at the trial level and the other party was given an opportunity to amend the affidavit. TEX.R. CIV. P. 166a(f).[6] Baker claims that this rule required Gregg County and Barber to object to any defects in her affidavit and that she be given an opportunity to correct those defects.

Baker misinterprets Rule 166a(f). Baker's point on appeal does not fall within the rule because she is not seeking to reverse the trial court on the ground that it considered a defective affidavit as summary judgment evidence. To the contrary, Baker's main point on appeal is that the trial court erred in *not* considering evidence that *she* submitted. Gregg County and Barber did properly object to the evidence at the summary judgment hearing, but they were not required to do so by Rule 166a(f). Rule 166a(f) gives Baker, the party against whom summary judgment was granted, no opportunity to amend her own

evidence. Further, Baker never sought an opportunity to amend her evidence; she simply argued that it was proper without asking the court for permission to amend or file an untimely affidavit.

In Baker's third point of error, she argues that the trial court improperly granted Gregg County and Barber's no-evidence motion for summary judgment on her wrongful termination claim. In reviewing a trial court's granting of a no-evidence motion for summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997).

A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Id.* If the nonmovant presents evidence to create a genuine issue of material fact, the motion should not be granted. TEX.R. CIV. P. 166a(i).

Baker's entire argument as to why some evidence existed to establish wrongful termination revolved around the "good cause" language contained in the policy and procedures manual. As previously stated, the trial court properly refused to consider that evidence. Since the manual was not before the trial court at the summary judgment hearing, we may not consider it on appeal. Without the policy manual, Baker presented no evidence to support her claim of wrongful termination. Accordingly, we hold that the trial court did not err in granting Gregg County and Barber's motion for summary judgment

---

than seven days before hearing without court order was improper summary judgment evidence).

6. "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX.R. CIV. P. 166a(f).

with regard to Baker's wrongful termination claim.

■■■■ Baker also contends the court erred in rejecting her due process claim. The Fourteenth Amendment to the United States Constitution provides that a person may not be deprived of life, liberty, or property without due process of law. To establish a Fourteenth Amendment violation, a plaintiff must first show that he or she had a protected property interest and then show that proper procedures were not followed to protect that property interest. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265, 273 (1982). A property right is "an individual entitlement grounded in state law." *Id.* at 455 U.S. 430, 102 S.Ct. 1148. In Texas, employment may be terminated by an employer at will unless a specific agreement to the contrary exists. *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex.1998). A guarantee that a public employee will only be fired for cause creates a property interest in continued employment. *Brandy v. City of Cedar Hill*, 884 S.W.2d 913, 915 (Tex. App.—Texarkana 1994, no writ).

To avoid a no-evidence summary judgment against her, Baker first needed to establish that she had a protected property interest in her job at the county clerk's office. The policy and procedures manual was the only document proffered by Baker to establish that she had a property right in her job. As previously discussed, the manual was not properly before the court, and it cannot be considered by this Court in reviewing the trial court's actions. Disregarding the manual and viewing all other evidence in the light most favorable to the nonmovant, Baker presented no evidence establishing a property right in her continued employment with Gregg County. The trial court did not err in granting Gregg County's motion for summary judgment with regard to Baker's due process claim.

■■■■ Baker next contends the court erred in granting summary judgment with regard to her free speech claim. To establish a First Amendment retaliation claim under 42 U.S.C.A. § 1983 (West Supp. 2000), "Plaintiffs must prove that: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). To prove that speech was protected under the First Amendment, a public employee must demonstrate that the speech involved a matter of public concern and that the employee suffered adverse employment action for speaking on that matter. *Id.*

Baker again asserts that Gregg County and Barber's no-evidence motion did not specifically list the elements on which her case was lacking, as required by Rule 166a(i). As previously discussed, the motion did conform with the requirements of Rule 166a(i). Specifically with regard to the free speech claim, the motion stated, "There is no evidence to support a conclusion that the plaintiff spoke on a matter of public concern as opposed to a matter of purely personal interest, or that her alleged speech was a motivating factor for any adverse job action."

■■■■ An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R.APP. P. 38.1(h). When the brief contains no authority to support its argument, a point is inadequately briefed. *Bowles v. Reed*, 913 S.W.2d 652, 661 (Tex.App.— Waco 1995, writ denied). Rule 38.1(h) and its predecessor, former Rule 74(f), have consistently been found to mean that an appellant presents the court of appeals with nothing to review when he fails to cite any authority for his argument or arguments in his points of error. *Id.*

After claiming that the trial court should not have considered the no-evidence motion for summary judgment because it

lacked specificity, Baker asserts, in two sentences, that the no-evidence summary judgment against her on the free speech claims was improper. Baker only states that her affidavit conformed with Rule 166a(c) and gives no arguments or authorities to persuade this Court that the trial court erred. Baker's brief presents no specific authority and only generally attacks the judgment rendered by the trial court. Since Baker's brief does not conform with Rule 38.1(h), this Court will not address it. The trial court did not err in granting the no-evidence motion for summary judgment.

Baker also contends the trial court should not have granted Gregg County's traditional motion for summary judgment. A traditional motion for summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377 (Tex.App.—Texarkana 1989, no writ). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.,* 795 S.W.2d 734, 736 (Tex.1990). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. *Nix-*

*on v. Mr. Property Mgmt.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Gregg County presented the trial court with two grounds for traditional summary judgment. First, Gregg County argued that it conclusively negated an element of Baker's prima facie case of age discrimination. Second, Gregg County argued that even assuming, arguendo, that it could not negate Baker's prima facie case of age discrimination, it had legitimate, nondiscriminatory reasons for firing Baker that Baker could not controvert. Since the trial court did not specify the grounds on which it granted the summary judgment, this Court will affirm the trial court if summary judgment was proper on either ground. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

Since TEX. LAB.CODE ANN. § 21.001, et seq. (Vernon 1996 & Supp. 2000) was modeled after the federal Age Discrimination in Employment Act (ADEA), Texas courts look to federal case law to analyze age discrimination claims. *See M.D. Anderson Hosp. v. Willrich,* 28 S.W.3d 22, 2000 Tex. LEXIS 85 (Tex. 2000); *Jaso v. Travis County Juvenile Bd.,* 6 S.W.3d 324, 328 (Tex.App.—Austin 1999, no pet.). Texas courts follow the burden shifting analysis set out by the United States Supreme Court in *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), when evaluating discrimination claims. A prima facie case of age discrimination requires proof that the plaintiff (1) is a member of a protected class, (2) was discharged, (3) was qualified for the position from which she was discharged, and (4) was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of her age. *Faruki v. Parsons S.I.P., Inc.,* 123 F.3d 315, 318–19 (5th Cir.1997); *Adams v. Valley Fed. Credit Union,* 848 S.W.2d 182, 186 (Tex.App.—Corpus Christi 1992, writ de-

nied). Once the plaintiff has established a prima facie case of age discrimination, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for the termination. The plaintiff then has the burden to show that the defendant's proffered reason is pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir .1994); *Adams,* 848 S.W.2d at 186.

Baker contends that Gregg County failed to negate any element of her prima facie age discrimination claim and that summary judgment was, therefore, improper. As summary judgment proof, Gregg County presented the trial court with Baker's trial testimony stating that after she, then age forty-nine, was fired, the County hired Glenda Gibson, who was older than Baker. Gregg County argues that the testimony conclusively negated the fourth element of the prima facie age discrimination case because it established that Baker was not replaced by someone outside the protected class, replaced by someone younger, or otherwise discriminated against on the basis of her age. Baker argued at the trial level and also argues on appeal that another aspect of her testimony created a genuine issue of material fact with respect to that element of her age discrimination claim. She points to her testimony stating she was replaced by another county employee, Terri Shepherd, then approximately age thirty.[7]

The main point of contention between the two parties on appeal is the meaning of the term "replaced." Both parties ask this Court to determine the meaning of the word in the context of Title II of the Texas Labor Code. Baker argues that "replaced" means to take over or assume the terminated employee's job duties. Gregg County argues that the person hired after the terminated employee is fired "replaces" that employee.

A determination of the meaning of the word "replaced" in the context of Title II of Texas Labor Code § 21.001, et seq., is an issue of first impression in Texas. No provision of the Code defines the word, but Section 21.001 states that the purpose of the statute is to provide state citizens with causes of action set out in federal civil rights statutes and to "secure for persons in this state ... freedom from discrimination in certain employment transactions, in order to protect their personal dignity." TEX. LAB.CODE ANN. § 21.001(4) (Vernon 1996).

In the context of age discrimination, a terminated employee is replaced by another person when the terminated employee's position is filled by that person and that person is assigned the terminated employee's former job duties.[8] Consequently, a terminated employee is not replaced by a person who temporarily assumes the terminated employee's job duties or a person who only takes over a part of those duties. When a terminated employee's job duties are distributed

---

7. Baker also argues that she was able to establish a prima facie case through showing a pattern of discrimination by Gregg County. *DeMoranville v. Specialty Retailers, Inc.,* 909 S.W.2d 90 (Tex.App.—Houston [14th Dist.] 1995), *rev'd in part on other grounds,* 933 S.W.2d 490 (Tex.1996), cited by Baker, does not support the idea that a pattern of discrimination can support a prima facie case of discrimination. It uses a pattern analysis to determine the deadline for filing a discrimination complaint with the Equal Employment Opportunity Commission.

8. Although not binding on this Court, several federal decisions support this interpretation of the word "replaced" in the context of age discrimination cases. *See Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365 (6th Cir.1999) (employee is replaced when another is hired or reassigned to perform employee's duties; redistribution among existing employees is not replacement); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836 (1st Cir.1993) (temporary assignment does not equal replacement); *Roper v. Exxon Corp.,* 27 F.Supp.2d 679 (E.D.La.1998) (transfer of work to other employees is not replacement by those employees).

among other employees after termination, those employees do not replace the terminated employee. This is not to say, however, that to come under this provision of the Labor Code, a terminated employee must be replaced by a new hire. It is possible for a terminated employee to be replaced by someone who already works for the employer so long as that employee completely takes over the terminated employee's job duties. This could be a common occurrence in a large company or an entity where promoting from within is the preferred method of hiring. A determination of whether an employee was actually replaced by another requires an inquiry into the job position and duties performed by the terminated employee, and an inquiry into the work performed by the person who is alleged to have replaced that employee.

The summary judgment evidence presented to the trial court consisted of Baker testifying that a younger county employee, Shepherd, took over her job duties and that an older, external applicant, Glenda Gibson, was hired after Baker was terminated. Baker offered Barber's deposition as summary judgment evidence where Barber also stated that Shepherd replaced Baker. The summary judgment evidence does not provide this Court with a clear picture of what Baker's duties were before she was fired and what duties Shepherd and Gibson assumed after Baker was fired. Considering the definition of "replaced" articulated above, Gregg County, as the bearer of the burden on summary judgment, was required to do more than simply propose that since a person over the age of forty was hired after Barber's termination, she was replaced by that person. Only evidence conclusively establishing that Gibson performed the job duties previously held by Baker would negate the fourth element of Baker's prima facie case. Baker's testimony that her job duties were taken over by Shepherd prevents Gregg County from conclusively negating the element. Viewing all the evidence in the light most favorable to Baker, and resolving all conflicts in her favor, a reasonable fact finder could determine that she was replaced by Shepherd, a person outside of the protected age group.

Since a genuine issue of material fact existed regarding the prima facie case of age discrimination, Gregg County was required to come forward with summary judgment evidence indicating a legitimate, nondiscriminatory reason for firing Baker. *Anderson v. Taylor Publ'g Co.*, 13 S.W.3d 56, 59 (Tex.App.—Dallas 2000, pet. denied). As its legitimate reasons, Gregg County relies on Baker's own testimony regarding her job performance, which included making mistakes on the job and having an altercation with another employee, Carol Worrell. To defeat summary judgment, Baker was required to then present evidence that raised a fact issue with regard to Gregg County's proffered reasons for her discharge. *Willrich*, 28 S.W.3d 22. Baker's brief only addresses the existence of her prima facie case and does not point to any evidence that rebuts Gregg County's proffered, legitimate reasons for her firing. We therefore conclude that Gregg County presented legitimate, nondiscriminatory reasons for firing Baker. Since no genuine issue of material fact exists, the trial court did not err in granting Gregg County's traditional motion for summary judgment.

Even if Baker had properly preserved the issue of pretext, the result would be the same since there is no evidence sufficient to rebut the legitimate reasons offered by Gregg County. Recently, the United States Supreme Court stated that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 120 S.Ct. 2097. The Texas Supreme Court recognized the *Reeves* case and stated that for purposes of summary judgment in Texas, stray remarks, as well as subjective beliefs, are insuffi-

cient to create a fact issue with regard to pretext. *Willrich*, 28 S.W.3d 22.

The only evidence tending to rebut the legitimate reason offered by Gregg County and to suggest age discrimination is the deposition testimony of Jean Council. Council, also a former employee of Gregg County, stated that she was replaced in the clerk's office by Baker. Council stated in her deposition that she had heard Barber make a comment that older people did not learn as well as younger people. Council's testimony does not place Barber's statement in any specific context. It is apparent that this statement, if made by Barber, was not directed toward Baker or her employment in the clerk's office. Since the statement was obviously made during Council's employment at the clerk's office, it was made before Baker was hired. Barber's comment bore no relation to Baker. The court did not err in granting the traditional motion for summary judgment.

The judgment is affirmed.