Affirmed and Memorandum Opinion filed February 5, 2004









Affirmed and Memorandum Opinion
filed February 5, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00289-CV

_______________

 

JOHN R. PASSERO AND WIFE, NELDA C. PASSERO, Appellants

 

V.

 

RONALD D. KRIST, ATTORNEY; 

KRIST, GUNN, WELLER, NEUMAN; ET AL., 

JERRY W. GUNN, ATTORNEY, KENNETH W. BURCH, ATTORNEY, 

AND GRAY, BURCH & HADDAD, Appellees

                                                                                                                                               


On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 02-00377

                                                                                                                                                

 

M E M O R A N D
U M   O P I N I O N

In this legal malpractice case, appellants, John R. Passero and Nelda C. Passero,
appeal
from a judgment granting appellees= motion for summary
judgment.  Appellants contend that
summary judgment was improperly granted because (1) they presented evidence in
support of their claims; (2) appellees= summary judgment evidence was
insufficient; and (3) the statute of limitations on their malpractice claim is
tolled because the underlying case is still ongoing.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion, and affirm.  See Tex.
R. App. P. 47.4.

Background








Appellees represented appellants in a breach of contract
suit.  The case was tried to a jury,
which found against appellants on all counts. 
Four years later, appellants filed
this suit claiming appellees had breached the contract, their fiduciary duty
and duty of care.  Appellees filed a
motion for summary judgment based on both traditional and no-evidence
grounds.  The trial court granted the
motion, but did not specify the grounds on which it was doing so.  Appellants filed a motion for new trial,
which was overruled by operation of law.

Discussion

In their first issue, appellants list their causes of
action, and the evidence that supports the elements of those claims.  Although appellants do not specifically state
an issue for review, we will treat their first issue as a challenge to the
granting of summary judgment on no-evidence grounds.  See Anderson v. Gilbert, 897 S.W.2d
783, 784 (Tex. 1995) (holding briefing rules should be construed liberally, and
appellate courts should consider the parties= arguments supporting their
issues, and not just the wording of the points).  

A no‑evidence motion for summary judgment shifts the
burden to the nonmovant to come forward with some evidence of the essential
element or elements challenged in the motion.  Tex. R. Civ. P. 166a(i); Lampasas v.
Spring Ctr. Inc., 988 S.W.2d 428, 436 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  If the nonmovant does not satisfy
its burden of producing some evidence on the challenged element or elements,
the trial court must grant the motion covering all claims or defenses composed
of the challenged element or elements.  Tex. R. Civ. P. 166a(i); Lampasas,
988 S.W.2d at 436.  We review the
evidence in the light most favorable to the non-movant, disregarding all
contrary evidence and inferences.  Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).








Except on leave of court, a response to a motion for summary
judgment must be filed by the seventh day before the date of the hearing on the
motion.  Tex. R. Civ. P. 166a(c). 
Appellants filed their response to appellees= motion for summary judgment
only five days before the hearing.  The
record does not contain an order from the trial court granting appellees= permission to file their
response late.  Without any indication
this permission was given, we must presume the trial court did not consider the
untimely response.  Brown v. Shores,
77 S.W.3d 884, 886 (Tex. App.CHouston
[14th Dist.] 2002, no
pet.) (citing Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex.
1996)).  Nevertheless, even if the trial
court did consider the response, it did not contain evidence supporting one or
more of the challenged elements. 
Disregarding the untimely filed response and viewing all evidence in
favor of appellants, they presented no evidence in support of their challenged
claims.  See Baker v. Gregg County,
33 S.W.3d 72, 79 (Tex.
App.CTexarkana 2000, pet. dism=d).  Accordingly, appellees= no-evidence motion for summary
judgment was properly granted.  See Tex. R. Civ. P. 166a(i); Baker,
33 S.W.3d at 79.  

In their second issue, appellants claim the traditional
motion for summary judgment was improperly granted because the expert affidavit
submitted by appellees did not Astate a sufficient basis@ for the affiant=s opinions.  In their third issue, they contend summary judgment was improper
because the statute of limitations on a legal malpractice claim is tolled until
the underlying claim is finally concluded.  If an order granting
summary judgment does not specify the grounds on which it was granted, the
judgment will be affirmed if any one of the grounds is meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989).  Because we have already found
that summary judgment was properly granted on no-evidence grounds, we need not
consider appellants= additional issues.  See id. at 570.

Accordingly, the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed February 5, 2004.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.