NUMBER
13-10-00566-CV

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

CORPUS
CHRISTI –
EDINBURG




 
 
 
 
 
 
 


 



                                                                                                                     


BLANCA TORRES,                                                           
           Appellant,

v.

 

SAYLOR MARINE, INC.,                                                                
Appellee.

                                                                                                                      


On
appeal from the County Court at Law No. 6

                                       of
Hidalgo County, Texas.

                                                                                                                    
   

 

MEMORANDUM
OPINION  

 

Before
Chief Justice Valdez and Justices Rodriguez and Wittig[1] Memorandum
Opinion by Justice Wittig

 

            Blanca Torres, appellant,
challenges the trial court’s entry of summary judgment against her on all
claims.  Torres and co-plaintiff, Adriel Madrigal, brought suit against
appellee, Saylor Marine, Inc. (“Saylor”) on multiple theories.  Saylor filed
for summary judgment under both rule 166a(c) and 166a(i) without specifying
which theories it assailed.  See Tex.
R. Civ. P. 166a(c) & (i).  The trial court granted the motion.  The trial
court severed Torres’s claims against Saylor from Madrigal’s claims against
Saylor.  After Torres’s motion for new trial was overruled by operation of law,
this timely appeal ensued.  Torres raises issues attacking the trial court’s
overruling of her objections to the motion for lack of specificity, the burden
of proof with respect to certain issues, whether there was more than a
scintilla of evidence raising factual issues, and whether the trial court
erroneously granted summary judgment on grounds not stated.  We reverse and
remand.

                                                            I. 
Background

            Torres
signed a retail installment contract to purchase a new boat from Saylor on May
24, 2004.  Torres signed the contract on behalf of her son, John, and Madrigal,
who agreed to “share ownership” and make the installment payments.  According
to the record, John and Madrigal did not have good enough credit to purchase
the boat on an installment contract themselves.  While Torres testified she did
not make the down payment, the installment contract recites that consideration
was paid by her as purchaser in the amount of $4,000, and Torres’s credit was also
used in the acquisition.  The boat was titled in Torres’s name.  Most of the
evidence attached to Saylor’s summary judgment proof was directed at Madrigal,
who was not a signatory to the underlying agreement.  Torres’s son and Madrigal
used the boat for several years but ultimately discovered that the boat was not
new when Torres purchased it.  The representations that the rig purchased by
Torres was new appeared both in the contract and by representations made to
John.

II.  Standard of
Review

We review a summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  Summary judgment under rule 166a(c) is proper when a movant establishes
that there is no genuine issue of material fact and that the movant is entitled
to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995).  A defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the
plaintiff’s causes of action or if the evidence conclusively establishes all
elements of an affirmative defense.  See Randall’s, 891 S.W.2d at 644. 
Where the trial court grants the judgment without specifying the grounds, we
affirm the summary judgment if any of the grounds presented are meritorious.  FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872–73 (Tex. 2000).

A party may move for summary
judgment under rule 166a(i) on the ground that there is no evidence of one or
more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i); Western Invs., Inc. v. Urena, 162 S.W.3d 547,
557 (Tex. 2005); Duvall v. Tex. Dep’t of Human Servs., 82 S.W.3d 474,
477 (Tex. App.—Austin 2002, no pet.).  Unless the nonmovant produces summary
judgment evidence raising a genuine issue of material fact on the challenged
elements, the court must grant the motion.  Tex.
R. Civ. P. 166a(i) & cmt. 1997; Urena, 162 S.W.3d at 548; Duvall,
82 S.W.3d at 477–78.

            In reviewing a no-evidence claim,
we view the evidence in a light that tends to support the finding of the
disputed fact and disregard all evidence and inferences to the contrary.  Minyard
Food Stores, Inc. v. Goodman, 80 S.W.3d 573, 577 (Tex. 2002); Duvall,
82 S.W.3d at 478.  If more than a scintilla of evidence exists, it is legally
sufficient.  Goodman, 80 S.W.3d at 577.  Evidence is more than a
scintilla when it rises to the level that would enable reasonable and
fair-minded people to differ in their conclusions.  Duvall, 82 S.W.3d at
478.  But when evidence offered to prove a vital fact is so weak as to do no
more than create a mere surmise or suspicion of its existence, it is no more
than a scintilla and, in legal effect, is no evidence.  Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); Duvall, 82 S.W.3d at 478. 

            Because the trial court’s order
does not specify the grounds for granting summary judgment, we must affirm the
summary judgment if any of the theories presented to the trial court and
preserved for appellate review are meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 217 (Tex. 2004).  A no-evidence
summary judgment is improperly granted if the non-movant presents more than a
scintilla of probative evidence to raise a genuine issue of material fact.  Lampasas
v. Spring Center, Inc., 988 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.]
1999, no pet.).  Evidence favorable to the non-movant will be taken as true in
deciding whether there is a disputed material fact issue that precludes summary
judgment.  Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.
1985).  Every reasonable inference must be indulged in favor of the non-movant
and any doubt resolved in its favor.  Id. at 549.   

            III.  No
Evidence Motion

            Torres complains of the lack of
specificity of the no evidence motion.  She also made her objection known to
the trial court which implicitedly overruled the objection.  See Columbia
Rio Grande Reg’l Hosp. v. Stover, 17 S.W.3d 387, 396 (Tex. App.—Corpus
Christi, 2000, no pet.).  It is true that Saylor’s motion generally states at
paragraph seven that its motion should be granted “on the basis that there is
no evidence of one or more essential elements of each of the claims made. . . .”  
However, somewhat obscured in its “introduction” in paragraph two, the motion
complains that Torres did not make a single payment on the contract, and therefore,
as a matter of law, she suffered no damages resulting from any of the alleged
acts or omissions of which she claims.  

 The contract indicates
otherwise.   Torres agreed to pay $32,937.50, including a down payment of
$4,000.  When construing a written contract, our primary concern is to
ascertain the true intentions of the parties as expressed in the instrument.  See
J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).  We
consider the entire writing and attempt to harmonize and give effect to all the
provisions of the contract by analyzing the provisions with reference to the
whole agreement.  Frost Nat’l Bank v. L & F Distribs., Ltd., 165
S.W.3d 310, 312 (Tex. 2005) (per curiam); J.M. Davidson, 128 S.W.3d at
229. 

Saylor argues on appeal that
the elements in a suit for breach of contract are:  (1) a valid contract; (2)
the plaintiff performed or tendered performance; (3) the defendant breached the
contract; and (4) the plaintiff was damaged as a result of that breach, citing Aquila
Southwest Pipeline, Inc. v. Harmony Exploration, Inc., 48 S.W.3d 225, 235
(Tex. App.—San Antonio 2001, no pet.).  Saylor also cites our holding to the
same effect in Doss v. Homecomings Financial Network, Inc., 210 S.W.3d
706, 713 (Tex. App.—Corpus Christi 2006, pet. dism’d).  There, we held that the
normal measure of damages in a breach of contract case is the
benefit-of-the-bargain measure.  Id. (citing Abraxas Petroleum Corp.
v. Hornburg, 20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.)); see
Sava Gumarska in Kemijska Industria D.D. v. Advanced Polymer Scis., Inc.,
128 S.W.3d 304, 317 (Tex. App.—Dallas 2004, no pet.) (holding that the normal
measure of damages in a breach of contract case is the benefit-of-the-bargain measure).

The benefit-of-the-bargain measure
seeks to restore the injured party to the economic position it would have been
in had the contract been performed.  Had the contract been performed, Torres
would have received a new boat.  Had she been informed the boat was not new,
she need not have obligated herself to pay $32,937.50.  The record reveals that
the boat was admittedly rebuilt and was not new, and there was no new boat
warranty as represented.  Torres was subjected to collection efforts pursuant
to the contract, including multiple collection calls.  Thus, there was some
evidence that Torres was not restored to the same economic condition she
enjoyed prior to the contract transaction.  Therefore, a fact issue as to the
amount of damages was raised.

Furthermore, under the
Uniform Commercial Code, Torres’s remedies must be liberally administered to
the end that the aggrieved party may be put in as good a position as if the
other party had fully performed.  See Tex.
Bus. & Com. Code Ann. § 1.305 (West 2008).  Viewed in the light that
tends to support a finding of the disputed fact, there is some evidence of
damages.  See Minyard Food Stores, Inc., 80 S.W.3d at 577.

In its no evidence motion,
Saylor also claimed the statute of limitations applied and began to run on March
28, 2004.  This allegation ignores the admitted facts that the sales contract
in question was signed and dated May 24, 2004.  Equally fatal to its motion, a
no evidence motion may only be based upon a claim or defense on which the
adverse party would have the burden of proof at trial.  Tex. R. Civ. P. 166a(i).   Because Saylor moved for summary
judgment on its own affirmative defense, the burden was on Saylor to establish
that it was entitled to judgment as a matter of law on that defense.  See
Garza v. CTX Mortg. Co., LLC, 285 S.W.3d 919, 922 (Tex. App.—Dallas 2009,
no pet.)

A review of the record
indicates Saylor’s only specifically pled grounds in its no evidence summary judgment
were isolated in its introductory remarks attacking the lack of damages
regarding Torres’s contract claim (Torres made no payments on contract) and its
abortive limitations argument.  Its additional reliance upon paragraph seven, a
non-specific statement that “there is no evidence of one or more essential
elements of each of the claims made against Saylor. . . .” is wholly deficient
to put Torres on notice as to which element(s) of which claims the motion
attacks.  See Tex. R. Civ. P.
166a(i) (motion must state the elements as to which there is no evidence); see
also Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 204 (Tex.
2002) (holding that grounds not pled cannot be the basis of summary judgment). 
Saylor argues that the motion does not have to include a specific attack on the
evidentiary components that make up an element of a claim, citing Community
Initiatives, Inc. v. Chase Bank, 153 S.W.3d 270, 279 (Tex. App.—El Paso
2004, no pet.) (citing Dominguez v. Payne, 112 S.W.3d 866, 868 (Tex.
App.—Corpus Christi 2003, no pet.)).  In Dominguez, we explained that
the specificity which is inherent in rule 166a(i) deals with evidentiary
support for an element of a claim or defense, not for “evidentiary
components.”   See id.  We gave the example of Baker v. Gregg County,
33 S.W.3d 72, 76 (Tex. App.—Texarkana 2000, no pet.).  In Baker, the
court held that the motion for no-evidence summary judgment conformed with rule
166a(i) because it stated the elements that were lacking.  Id. at
76-77.  That court reasoned that specificity in evidentiary components is not
required.  Id.  Saylor’s vague allusion to the no evidence standard
wholly failed to state the elements of a claim or defense as required.  See
id.

                                                IV.
 Traditional Summary Judgment

In its brief to us, Saylor
outlines for the first time some of Torres’s claims that its summary judgment
motion supposedly contested.  Torres’s claims included breach of contract,
breach of warranty, fraud, negligent misrepresentation, DTPA and rescission.  The
only mention of any of these substantive claims in its motion to the trial
court was “contract” and “limitations,” which are addressed above under Saylor’s
no evidence motion.  As noted above, most of Saylor’s proof was directed
against Madrigal.

A motion for summary
judgment must itself expressly present the grounds upon which it is made, and
must stand or fall on these grounds alone.  Sci. Spectrum v. Martinez,
941 S.W.2d 910, 912 (Tex. 1997) (citing McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 341 (Tex. 1993)); see Tex. R. Civ. P. 166a(c) (“The motion for summary judgment
shall state the specific grounds therefor.”)  In other words, in determining
whether grounds are expressly presented, we may not rely on briefs or summary
judgment evidence.   A motion for summary judgment must stand or fall on the
grounds expressly presented in the motion and a court may not rely on briefs or
summary judgment evidence in determining whether grounds are expressly
presented. McConnell, 858 S.W.2d at 341.

The contention that there is
no genuine issue as to any material fact does not, by itself, constitute a “specific
ground” for summary judgment as required by rule 166a(c). See Tex. R. Civ. P. 166a(c); see also
Siegert v. Herndon, 961 S.W.2d 348, 349 (Tex. App.—Houston [1st Dist.]
1997, no writ) (holding that a motion for summary judgment which merely stated
that there was no genuine issue of material fact, but provided no further
explanation, “failed to set out grounds for relief”).  The movant for summary
judgment must “assert grounds in the motion for summary judgment itself and
establish its entitlement to summary judgment.”  McConnell, 858 S.W.2d
at 342.  Therefore, the movant for summary judgment must state the specific
grounds and also provide a basis in the facts, which establishes an entitlement
to summary judgment on such grounds. 

We recently addressed this
issue in Rudy’s Plumbing Service v. De Los Santos, No. 13-09-347-CV, 2010
Tex. App. LEXIS 5188, at **5–6 (Tex. App.—Corpus Christi July 2, 2010, pet.
denied) (mem. op.).  There, the motion for summary judgment set forth numerous
causes of action against Rudy’s—breach of contract, negligence, violations of
the deceptive trade practices act, and negligence per se.  Id. at *2.  The
motion did not delineate specifically upon which ground or grounds De Los
Santos was moving for summary judgment.  Id. at **2–3.  We held that if
the summary judgment was premised on the ground that Rudy’s was negligent, De
Los Santos should have stated that she was moving for summary judgment on the
ground of negligence, set forth the elements of her negligence claim, and
presented the evidence showing as a matter of law why she was entitled to
judgment on that claim.  Id. at **6–7.  Likewise, if she was moving for summary
judgment upon her contract claim, “she should have stated that she was moving
for summary judgment on that ground and set forth why she was entitled to a
motion for summary judgment on that claim.”  Id.  She should have
presented evidence on the elements of breach of contract and evidence showing
that she was entitled to judgment on that claim as a matter of law.  Id.
at *7.  Instead, she combined the various causes of action and, merely sought
summary judgment on “liability.”  Id.  Saylor’s motion is similarly
deficient.

The trial court cannot grant
summary judgment on grounds not presented in the summary judgment motion; when
the court does so, remand is proper.  See Johnson v. Brewer & Pritchard,
P.C., 73 S.W.3d 193, 204 (Tex. 2002); Sci. Spectrum, Inc, 941 S.W.2d
at 912.

V. 
Conclusion

We sustain Torres’s issues
as discussed above.  We reverse and remand.            

 

                                                                                     DON
WITTIG

                                                                                     Justice

 

Delivered and filed the

31st day of August, 2011.













[1]Retired Justice Don Wittig assigned to
this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov’t Code Ann. § 74.003 (West
2005).