

# NUMBER 13-10-00566-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BLANCA TORRES,                                                     **Appellant,**

**v.**

SAYLOR MARINE, INC.,                                            **Appellee.**

## On appeal from the County Court at Law No. 6
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Wittig[1]
### Memorandum Opinion by Justice Wittig

Blanca Torres, appellant, challenges the trial court's entry of summary judgment against her on all claims. Torres and co-plaintiff, Adriel Madrigal, brought suit against appellee, Saylor Marine, Inc. ("Saylor") on multiple theories. Saylor filed for summary judgment under both rule 166a(c) and 166a(i) without specifying which theories it

---

[1]Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (West 2005).

assailed.  *See* TEX. R. CIV. P. 166a(c) & (i).  The trial court granted the motion.  The trial court severed Torres's claims against Saylor from Madrigal's claims against Saylor. After Torres's motion for new trial was overruled by operation of law, this timely appeal ensued.  Torres raises issues attacking the trial court's overruling of her objections to the motion for lack of specificity, the burden of proof with respect to certain issues, whether there was more than a scintilla of evidence raising factual issues, and whether the trial court erroneously granted summary judgment on grounds not stated.  We reverse and remand.

## I. BACKGROUND

Torres signed a retail installment contract to purchase a new boat from Saylor on May 24, 2004.  Torres signed the contract on behalf of her son, John, and Madrigal, who agreed to "share ownership" and make the installment payments.  According to the record, John and Madrigal did not have good enough credit to purchase the boat on an installment contract themselves.  While Torres testified she did not make the down payment, the installment contract recites that consideration was paid by her as purchaser in the amount of $4,000, and Torres's credit was also used in the acquisition. The boat was titled in Torres's name.  Most of the evidence attached to Saylor's summary judgment proof was directed at Madrigal, who was not a signatory to the underlying agreement.  Torres's son and Madrigal used the boat for several years but ultimately discovered that the boat was not new when Torres purchased it.  The representations that the rig purchased by Torres was new appeared both in the contract and by representations made to John.

## II. STANDARD OF REVIEW

2

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment under rule 166a(c) is proper when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if the evidence conclusively establishes all elements of an affirmative defense. *See Randall's*, 891 S.W.2d at 644. Where the trial court grants the judgment without specifying the grounds, we affirm the summary judgment if any of the grounds presented are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

A party may move for summary judgment under rule 166a(i) on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 557 (Tex. 2005); *Duvall v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 477 (Tex. App.—Austin 2002, no pet.). Unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact on the challenged elements, the court must grant the motion. TEX. R. CIV. P. 166a(i) & cmt. 1997; *Urena*, 162 S.W.3d at 548; *Duvall*, 82 S.W.3d at 477–78.

In reviewing a no-evidence claim, we view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002); *Duvall,* 82 S.W.3d at 478. If more than a scintilla of evidence exists, it is legally

sufficient. *Goodman*, 80 S.W.3d at 577. Evidence is more than a scintilla when it rises to the level that would enable reasonable and fair-minded people to differ in their conclusions. *Duvall*, 82 S.W.3d at 478. But when evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, it is no more than a scintilla and, in legal effect, is no evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Duvall*, 82 S.W.3d at 478.

Because the trial court's order does not specify the grounds for granting summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 217 (Tex. 2004). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Id.* at 549.

### III. NO EVIDENCE MOTION

Torres complains of the lack of specificity of the no evidence motion. She also made her objection known to the trial court which implicitedly overruled the objection. *See Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 396 (Tex. App.—Corpus Christi, 2000, no pet.). It is true that Saylor's motion generally states at

4

paragraph seven that its motion should be granted "on the basis that there is no evidence of one or more essential elements of each of the claims made. . . ." However, somewhat obscured in its "introduction" in paragraph two, the motion complains that Torres did not make a single payment on the contract, and therefore, as a matter of law, she suffered no damages resulting from any of the alleged acts or omissions of which she claims.

The contract indicates otherwise. Torres agreed to pay $32,937.50, including a down payment of $4,000. When construing a written contract, our primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam); *J.M. Davidson*, 128 S.W.3d at 229.

Saylor argues on appeal that the elements in a suit for breach of contract are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach, citing *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 235 (Tex. App.—San Antonio 2001, no pet.). Saylor also cites our holding to the same effect in *Doss v. Homecomings Financial Network, Inc.*, 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi 2006, pet. dism'd). There, we held that the normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure. *Id.* (citing *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App.—El Paso

5

2000, no pet.)); *see Sava Gumarska in Kemijska Industria D.D. v. Advanced Polymer Scis., Inc.*, 128 S.W.3d 304, 317 (Tex. App.—Dallas 2004, no pet.) (holding that the normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure).

The benefit-of-the-bargain measure seeks to restore the injured party to the economic position it would have been in had the contract been performed. Had the contract been performed, Torres would have received a new boat. Had she been informed the boat was not new, she need not have obligated herself to pay $32,937.50. The record reveals that the boat was admittedly rebuilt and was not new, and there was no new boat warranty as represented. Torres was subjected to collection efforts pursuant to the contract, including multiple collection calls. Thus, there was some evidence that Torres was not restored to the same economic condition she enjoyed prior to the contract transaction. Therefore, a fact issue as to the amount of damages was raised.

Furthermore, under the Uniform Commercial Code, Torres's remedies must be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed. *See* Tex. Bus. & Com. Code Ann. § 1.305 (West 2008). Viewed in the light that tends to support a finding of the disputed fact, there is some evidence of damages. *See Minyard Food Stores, Inc.*, 80 S.W.3d at 577.

In its no evidence motion, Saylor also claimed the statute of limitations applied and began to run on March 28, 2004. This allegation ignores the admitted facts that the sales contract in question was signed and dated May 24, 2004. Equally fatal to its

motion, a no evidence motion may only be based upon a claim or defense on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). Because Saylor moved for summary judgment on its own affirmative defense, the burden was on Saylor to establish that it was entitled to judgment as a matter of law on that defense. *See Garza v. CTX Mortg. Co., LLC*, 285 S.W.3d 919, 922 (Tex. App.—Dallas 2009, no pet.)

A review of the record indicates Saylor's only specifically pled grounds in its no evidence summary judgment were isolated in its introductory remarks attacking the lack of damages regarding Torres's contract claim (Torres made no payments on contract) and its abortive limitations argument. Its additional reliance upon paragraph seven, a non-specific statement that "there is no evidence of one or more essential elements of each of the claims made against Saylor. . . ." is wholly deficient to put Torres on notice as to which element(s) of which claims the motion attacks. *See* TEX. R. CIV. P. 166a(i) (motion must state the elements as to which there is no evidence); *see also Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002) (holding that grounds not pled cannot be the basis of summary judgment). Saylor argues that the motion does not have to include a specific attack on the evidentiary components that make up an element of a claim, citing *Community Initiatives, Inc. v. Chase Bank*, 153 S.W.3d 270, 279 (Tex. App.—El Paso 2004, no pet.) (citing *Dominguez v. Payne*, 112 S.W.3d 866, 868 (Tex. App.—Corpus Christi 2003, no pet.)). In *Dominguez,* we explained that the specificity which is inherent in rule 166a(i) deals with evidentiary support for an *element of a claim or defense*, not for "evidentiary components." *See id.* We gave the example of *Baker v. Gregg County*, 33 S.W.3d 72, 76 (Tex. App.—Texarkana 2000, no pet.). In

7

*Baker*, the court held that the motion for no-evidence summary judgment conformed with rule 166a(i) because it stated the elements that were lacking. *Id.* at 76-77. That court reasoned that specificity in evidentiary components is not required. *Id.* Saylor's vague allusion to the no evidence standard wholly failed to state the elements of a claim or defense as required. *See id.*

## IV. TRADITIONAL SUMMARY JUDGMENT

In its brief to us, Saylor outlines for the first time some of Torres's claims that its summary judgment motion supposedly contested. Torres's claims included breach of contract, breach of warranty, fraud, negligent misrepresentation, DTPA and rescission. The only mention of any of these substantive claims in its motion to the trial court was "contract" and "limitations," which are addressed above under Saylor's no evidence motion. As noted above, most of Saylor's proof was directed against Madrigal.

A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *Sci. Spectrum v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)); *see* TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.") In other words, in determining whether grounds are expressly presented, we may not rely on briefs or summary judgment evidence. A motion for summary judgment must stand or fall on the grounds expressly presented in the motion and a court may not rely on briefs or summary judgment evidence in determining whether grounds are expressly presented. *McConnell*, 858 S.W.2d at 341.

8

The contention that there is no genuine issue as to any material fact does not, by itself, constitute a "specific ground" for summary judgment as required by rule 166a(c). *See* TEX. R. CIV. P. 166a(c); *see also Siegert v. Herndon*, 961 S.W.2d 348, 349 (Tex. App.—Houston [1st Dist.] 1997, no writ) (holding that a motion for summary judgment which merely stated that there was no genuine issue of material fact, but provided no further explanation, "failed to set out grounds for relief"). The movant for summary judgment must "assert grounds in the motion for summary judgment itself and establish its entitlement to summary judgment." *McConnell*, 858 S.W.2d at 342. Therefore, the movant for summary judgment must state the specific grounds and also provide a basis in the facts, which establishes an entitlement to summary judgment on such grounds.

We recently addressed this issue in *Rudy's Plumbing Service v. De Los Santos*, No. 13-09-347-CV, 2010 Tex. App. LEXIS 5188, at **5–6 (Tex. App.—Corpus Christi July 2, 2010, pet. denied) (mem. op.). There, the motion for summary judgment set forth numerous causes of action against Rudy's—breach of contract, negligence, violations of the deceptive trade practices act, and negligence per se. *Id.* at *2. The motion did not delineate specifically upon which ground or grounds De Los Santos was moving for summary judgment. *Id.* at **2–3. We held that if the summary judgment was premised on the ground that Rudy's was negligent, De Los Santos should have stated that she was moving for summary judgment on the ground of negligence, set forth the elements of her negligence claim, and presented the evidence showing as a matter of law why she was entitled to judgment on that claim. *Id.* at **6–7. Likewise, if she was moving for summary judgment upon her contract claim, "she should have stated that she was moving for summary judgment on that ground and set forth why she was

9

entitled to a motion for summary judgment on that claim." *Id.* She should have presented evidence on the elements of breach of contract and evidence showing that she was entitled to judgment on that claim as a matter of law. *Id.* at *7. Instead, she combined the various causes of action and, merely sought summary judgment on "liability." *Id.* Saylor's motion is similarly deficient.

The trial court cannot grant summary judgment on grounds not presented in the summary judgment motion; when the court does so, remand is proper. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *Sci. Spectrum, Inc*, 941 S.W.2d at 912.

## V. CONCLUSION

We sustain Torres's issues as discussed above. We reverse and remand.

DON WITTIG
Justice

Delivered and filed the
31st day of August, 2011.

10