**FIRST EMPLOYEES INSURANCE COMPANY, Petitioner,**

v.

**Jessie E. SKINNER, Respondent.**

**No. C–1555.**

Supreme Court of Texas.

Feb. 9, 1983.

Rehearing Denied March 16, 1983.

Touchstone, Bernays, Johnston, Beall & Smith, Sidney H. Davis, Jr. and Webber W. Beall, Dallas, for petitioner.

Harkness, Friedman, Kusin & Britt, Sherman A. Kusin, Texarkana, for respondent.

BARROW, Justice.

This is an appeal from a judgment rendered on the jury verdict awarding Jessie Skinner workers' compensation benefits for total and permanent incapacity. The court of appeals affirmed. 636 S.W.2d 258.

We granted First Employees Insurance Company's application for writ of error to consider the holding by the court of appeals that Rule 281, Tex.R.Civ.P., does not *require* a trial judge to send the admitted exhibits to the jury room during deliberation. We hold that Rule 281 requires that the exhibits be sent to the jury room and, therefore, the trial court erred in refusing to do so when requested by First Employees. We conclude, however, that the error was harmless under the record in this case and affirm the judgment of the court of appeals.

Rule 281 provides:

The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused. Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded.

This rule was adopted verbatim from Tex. Rev.Civ.Stat.Ann. art. 2193 (1925) and has remained in the same form since 1925. The rule is well settled that when a statute is re-enacted without material change, it is presumed that the legislature knew and adopted the interpretation placed on the original act and intended the new enactment to receive the same construction. *See Coastal Industrial Water Authority v. Trinity Portland Cement Division,* 563 S.W.2d 916, 918 (Tex.1978). Therefore, we find it significant that in a case decided shortly before this Court's adoption of Rule 281, we held the rule to be mandatory. *See United Employers Casualty Co. v. Smith,* 145 S.W.2d 249, 250 (Tex.Civ.App.—San Antonio 1940, writ ref'd). This mandatory construction has been consistently followed by all courts and commentators prior to the holding by the court of appeals in this case. *See, e.g., Dallas Ry. & Terminal Co. v. Orr,* 147 Tex. 383, 215 S.W.2d 862 (1948); *Texas Employers Ins. Ass'n v. Applegate,* 205 S.W.2d 412 (Tex.Civ.App.—Texarkana 1947, writ ref'd n.r.e.); *Dallas Ry. & Terminal Co. v. Durkee,* 193 S.W.2d 222 (Tex.Civ.App.—Dallas 1946, writ ref'd n.r.e.); 3 R. McDonald, Texas Civil Practice § 14.08.1 (rev. 1970); 2 R. Ray, Texas Law of Evidence § 1468 (Texas Practice 3d ed. 1980).

■ We conclude that Rule 281 is mandatory and that the trial court is required to send all exhibits admitted into evidence to the jury room during the deliberations of the jury. Furthermore, this rule is self-operative and requires no request from the jurors or counsel. We recognize that an exhibit may be so large and cumbersome that it would not be feasible to send such exhibit to the jury room. This problem, however, is not presented here.

The five exhibits admitted into evidence in this case were introduced by First Employees. Immediately after the jury retired to deliberate, the attorney for First Employees requested that the exhibits be sent to the jury room. This request was refused by the trial court with the qualification that if the jury requested any exhibits, the requested exhibits would be sent to the jury room. None were requested by the jury, and none were sent. The trial court erred in refusing to send the exhibits to the jury room as requested.

■ Under our practice, before a judgment shall be reversed and a new trial ordered on the ground that an error of law has been committed by the trial court in the course of the trial, "the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the petitioner as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, . . . ." Rule 503 and Rule 434, Tex.R. Civ.P.; *Lorusso v. Members Mutual Ins. Co.,* 603 S.W.2d 818, 819 (Tex.1980); *see Standard Fire Ins. Co. v. Reese,* 584 S.W.2d 835, 839 (Tex.1979); *Condra Funeral Home v. Rollin,* 158 Tex. 478, 314 S.W.2d 277 (1958); Calvert & Perin, *Is the Castle Crumbling? Harmless Error Revisited,* 20 S.Tex.L.J. 1 (1979). This is a judgment call entrusted to the sound discretion and good sense of the reviewing court from an evaluation of the whole case. *Lorusso v. Members Mutual Ins. Co., supra* at 821.

■ Skinner alleged that he sustained an accidental injury on or about July 16, 1980 while in the course and scope of his employment with Gifford-Hill & Co., Inc. First Employees denied any knowledge of the injury and alleged that Skinner had failed to give the required notice of the injury within thirty days. First Employees also denied that Skinner had sustained total or permanent incapacity. Thus, one of the disputed issues was whether Skinner had sustained an injury on the job. The other disputed issue was the extent of Skinner's incapacity.

Skinner worked for Gifford-Hill as the driver of a tractor-trailer hauling gravel and as the driver of a cement mixer truck from September 1979 to November 3, 1980. He testified that around the middle of July, although he was not certain of the exact date, he spent the entire day fixing four flats on his tractor-trailer rig. While bending over to replace one of the heavy tires, he felt a pop in his back. He immediately

told his foreman of the apparent injury, but continued trying to work until November 3, 1980 when the pain became too great to continue. He never worked for Gifford-Hill thereafter.

Exhibit 1 is Skinner's application for employment with Gifford-Hill. It does not contain anything in dispute in this case. By exhibits 3 and 4, First Employees introduced Skinner's time cards and ticket receipts for the month of July. These records show that he hauled several loads of gravel on July 16 and also hauled several loads on every other work day except July 21. Although no loads had been hauled on July 21, the time cards show he was on the job that day. In view of the fact that Skinner was not certain of the exact date of his injury and the fact that he did not make any hauls on July 21, these records were likely of little importance to the jury. This is particularly so, since the foreman was not called to testify and thus did not deny that Skinner had reported an injury.

First Employees places particular emphasis on the harm in not sending exhibits 2 and 5 to the jury room. Exhibit 2 consists of a packet of forms filed by Skinner with the Texarkana office of the Texas Employment Commission in connection with his claims for unemployment benefits. This evidence was fully developed on both direct and cross-examination of Skinner. He had been treated by Dr. Barry Green from early in November of 1980 until his release on January 26, 1981. Shortly after his release, he applied for unemployment benefits. In order to secure unemployment benefits, Skinner was required to state in writing that he was "available, ready, and able to work." He acknowledged the same facts each week between January 28, 1981 and May 1, 1981. These exhibits were admitted without objection or contradiction by Skinner. He was extensively cross-examined concerning these statements. His response was that he was destitute and had to have the unemployment benefits. Therefore, he answered the questions as necessary to get the benefits.

Exhibit 5 is an application for employment filled out by Skinner on May 1, 1981, in connection with his securing employment as a long-haul truck driver for Transportation Services, Inc. (TSI). Skinner stated in this form that he was physically capable of heavy manual work and that he had never been injured on the job. He did not reveal that Dr. Green had examined him. Skinner was examined fully on direct and cross-examination regarding this application, as well as his employment by TSI from May 1 to the first part of October 1981. He testified that his trips for TSI were made with a partner and that he was able to secure some rest between his driving turns in a bed in the back of the tractor unit. He further testified that while performing this work his back gradually became worse. He was finally forced to quit when he became unable to get in and out of the cab. This testimony was corroborated by his driving partner.

We conclude from an examination of the entire record that reversible error is not shown by the trial court's error in not sending the exhibits to the jury room. These statements against interest were not denied by Skinner, and he was extensively cross-examined with respect to them. The jury examined the exhibits at the time they were introduced into evidence. The existence and relevance of these exhibits was never disputed. Thus, the jury was fully aware of these admissions against interest made by Skinner. We do not have the jury arguments before us, but counsel for First Employees concedes that extensive reference was made to these statements during the jury arguments.

We cannot say from this record that the fact that the jury did not have the opportunity to examine these exhibits during their deliberations amounted to such a denial of the rights of First Employees as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case.

The judgment of the court of appeals is affirmed.