Reversed and Remanded and Memorandum Opinion filed September 30, 2003














Reversed and
Remanded and Memorandum Opinion filed September 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01151-CV

____________

 

STEVE ROBERT HANZI, Appellant

 

V.

 

TERRY LEIGH SHELTON AND DAROLD SHELTON, Appellees

 

_________________________________________________________

 

On Appeal from
the 245th District Court

Harris County, Texas

Trial Court
Cause No. 00-51292

 

_________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            In this appeal from a post-divorce
suit for partition, appellant, Steve Hanzi, complains
the trial court erred in failing to send admitted exhibits to the jury during
its deliberation and this error was harmful, warranting a new trial.  We reverse and remand this case for a new
trial.




 








Background facts

            Appellant filed suit alleging his
ex-wife, Terry Shelton (“Shelton”), failed
to disclose property she owned prior to their divorce.[1]  He claimed Shelton had
beneficial ownership of two lots in Tennessee held in
the name of her brother, Tim Johnson. 
Johnson deeded the land to Shelton less than
four months after the divorce.  At trial,
Johnson’s finances, the plausibility of his $25,000 cash down payment on the
land, and tracing the source of sixteen monthly payments to the seller and noteholder of the lots were all disputed.  The jury found the Tennessee lots were
not marital property at the time of the divorce, and judgment was entered in
favor of appellees. 


            In a pretrial conference, Johnson’s
bank records were admitted into evidence. 
Initially, Johnson’s deposition was offered as an exhibit in a trial
evidence notebook; however, the court excluded the deposition transcript and
admitted only its exhibits, including Johnson’s bank records.  Apparently, the trial evidence notebook that
should have contained Johnson’s admitted bank records went to the jury room with
nothing behind the tab where they were supposed to be located.  After the trial court received the jury’s
verdict and dismissed the jury, appellees’ counsel
noticed the admitted exhibits had been excluded from the evidence
notebooks.  As a result, he advised the
court that these admitted exhibits were not in the jury room during
deliberation.  Appellant filed a motion
for new trial, we find he presented the issue to the trial court, preserving it
for our review.  Tex. R. App. P. 33.1 (a). 
The trial court denied the motion for new trial by written order several
days after it entered judgment.

Analysis

            Texas Rule of Civil Procedure 281
provides: “The jury may, and on request shall, take with them in their
retirement the charges and instructions, general or special, which were given
and read to them, and any written evidence, except the depositions of
witnesses, but shall not take with them any special charges which have been
refused.”  Tex. R. Civ. P. 281.  Pursuant to the Texas Supreme Court, Rule 281
is mandatory; the trial court is required to send all exhibits to the jury room
even in the absence of a request by jurors or counsel.  See
First Employees Ins. Co. v. Skinner, 646 S.W.2d 170, 172 (Tex.
1983).  However, any error in failing to
send exhibits to the jury room during deliberations does not call for reversal unless the error probably caused the
rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1); Tex. R. Civ. P. 281.

            In this case, the reporter’s record
clearly demonstrates the admitted exhibits were not included in the evidence sent to the jury during
deliberation.  This was error.  Thus, we analyze whether this error probably
caused the rendition of an improper judgment.

            To guide our analysis, appellant
cites two cases, both of which found that failing to send admitted exhibits to
the jury room was harmless error.  In Cruz v. Hinojosa, 12 S.W.3d 545, 550
(Tex. App.—San Antonio 1999, pet. denied) a products liability action, the
court failed to send to the jury room technical drawings and photographs of an
alternative design for a golf cart. 
Because these exhibits were cumulative of testimony before the jury, the
court ruled their absence from the jury room was harmless error.  In Skinner,
the court considered the entire record to determine whether the information in
the exhibits was disputed and whether the jury had examined the exhibits when
they were admitted.  Skinner, 646 S.W.2d at 173. 
Because the jury considered the exhibits during trial, the court ruled
their absence from jury deliberation was harmless.  Id.  In addition, if written evidence is
cumulative of substantially undisputed facts, its exclusion from the jury room
is harmless error.  See Dallas Ry. & T. Co. v. Orr, 147 Tex. 383, 391,
215 S.W.2d 862, 866–67 (1948). 

            In appellant’s case, the bank
records were never published to the jury, nor were their contents cumulative of
trial testimony.  At trial, there was no
direct testimony on behalf of Johnson’s bank regarding records tracing the
monies used to make the impugned monthly payments or the down payment for the
lots.  Moreover, whether or not Johnson
(a) had the ability and (b) did make the monthly payments and sizable cash down
payment for the lots were two facts critical to appellant’s case.  Without these admitted bank records in
deliberation, the jury lacked important written evidence relied on by appellant
to challenge Johnson’s oral testimony surrounding his financial circumstances
and purchase of the real estate.

            In
affidavits attached to appellant’s motion for new trial, four jurors testified
that they would have changed their vote if the missing exhibits were in the
jury room.  Compounded by the fact that
Johnson’s credibility and his finances were at the crux of the factual disputes
to be resolved by the jury, and the importance of his bank records to
appellant’s case, we find the absence of Johnson’s bank records from the jury’s
deliberation was harmful, calculated to cause an improper judgment, and
probably did cause the rendition of an improper judgment.  Tex.
R. App. P. 44.1(a)(1).  Therefore,
we reverse the judgment of the trial court and remand this case for a new
trial.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 30, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 











[1]
Appellant also sued Darold Shelton, Terry’s husband,
because he has an interest in the land.