Affirmed and Memorandum Opinion filed October 5, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01074-CV

____________

 

JANICE AND JOSEPH BARNETT, WAYNE AND JANET BAZEMORE, JAMES BARNETT, SR., NEIL G.
BARON, LEO BOOKMAN, ODELL BROOM, EMILY BROWN, THEOPHILUS AND JACQUELYN BOYCE,
JOSEPHINE BRAGGS, PENCIE BREWINGTON, SCOTT AND MELINDA CAMPBELL, LEOPOLDO AND
DIANNA CASTILLO, JOE AND SYLVIA CERDA, THOMAS CONES, BARBARA WHITE COOPER,
ELEFTERIOS AND VELDA CUCLIS, AVA LEE DEATS, JAMES AND MERIDETH FISHER, DAVID
AND MARY GUERRA, RHONDA HALILI, GEORGE, SR. AND IRENE GOFFNEY, JOSEPH AND JOAN
HAGLER, LOIS HEIGHT, ESTATE OF DOROTHY HENDERSON, DELMA HILL, BETH MARTIN,
REBECCA J. MASON, CHARLOTTE RHODES, MICHAEL AND RHONDA WATKINS, AND BABE WHITE,
JR., Appellants

 

V.

 

VERITAS DGC LAND INC., Appellee

 

 

 



On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 01-CV-1068

 

 

 

 



M E M O R A N D U M   O P I N I O N

            This
case involves property damage claims allegedly arising from a seismic survey.
Appellants are thirty plaintiffs (“Appellants”) who owned homes
near land on which 








defendant Veritas DGC Land Inc. (“Veritas”) conducted seismic
testing.  The trial court granted summary
judgment on all of the claims asserted by thirteen plaintiffs,[1] and on all claims except for
negligence and gross negligence of the remaining seventeen plaintiffs.[2] 
The negligence and gross negligence claims were tried to a jury, which
returned a verdict for Veritas.  The
trial court entered a take-nothing judgment, and Appellants appeal.  We affirm the trial court’s
judgment.

I.  Background

            In
2000, Veritas conducted a seismic survey of a sixty square mile area in Galveston County.  In November 2001, two hundred and
sixty-two plaintiffs, all of whom owned property near the seismic activities,
filed suit against several defendants, including Veritas, alleging property
damage.[3]  They asserted claims for private
nuisance, negligence, gross negligence, fraud, constructive fraud,
“tortious act,” and strict liability.  Veritas filed a general denial, claiming
that: (1) it had not caused any damage to the properties; and (2) all damage
was either pre-existing or a consequence of age and wear and tear from the
elements.

            The
parties served written discovery and took several depositions.  In October 2003, three defendants moved
to dismiss on the basis of sovereign immunity, and were ultimately dismissed
after an interlocutory appeal.  See
Cities of Friendswood, League City, and Dickinson v. Adair, No. 01-03-00205-CV, 2003 WL
22457996 (Tex. App.—Houston [1st Dist.] Oct. 30, 2003, no
pet.).  After the dismissal of the
three defendants, the trial court entered a revised scheduling order with a
discovery cutoff of April 1, 2004 and a 
trial setting of June 21, 2004. 
After the discovery cutoff, about a month before trial, Veritas filed a
no-evidence motion for summary judgment. 
On June 1, 2004, the trial court reset trial for September 20,
2004.  The parties apparently
engaged in settlement negotiations, and pursuant to an agreed settlement, in
August 2004, all defendants were dismissed from the case except Veritas.  

            The
trial court then ordered the plaintiffs and Veritas to each select fifteen
plaintiffs, for a total of thirty, to comprise an initial trial group.  On August 17, 2004, approximately one
month prior to the new trial setting, Veritas filed an amended no-evidence
motion for summary judgment, arguing that Appellants lacked evidence to support
their causes of action for private nuisance, negligence, gross negligence,
fraud, constructive fraud, “tortious act,” and strict
liability.  Veritas also argued that
the claims for “tortious act” and strict liability failed as a
matter of law.

            In
Appellants’ first response to Veritas’ motion for summary judgment,
the only document attached was the affidavit of their lead counsel, which
purported to authenticate all documents included in “The Exhibit labeled
A.”  No exhibit A was attached
or otherwise submitted.  Otherwise,
in the body of the motion itself, Appellants sought to incorporate by reference
“the pleadings filed in this case, depositions of each Plaintiff,
depositions of each and every expert in this case, affidavits on file, and
Plaintiffs’ various Motions to Compel with attached exhibits and
affidavits.”  Appellants then
filed a supplemental response, supported only by their expert’s
affidavit, two days before the summary judgment hearing.  The expert offered his opinion that the
seismic activities were conducted in a way that violated the standard of care,
causing damages to some of the appellants’ property.  Appellants also sought a continuance to
respond to the summary judgment motion, arguing that they had not conducted all
the discovery they needed to respond to the motion.[4]

            The
trial court conducted a two-day hearing on the motion for summary judgment on
October 27 and 28, 2004.  After
hearing from both parties, the trial court issued an oral ruling.  The trial court indicated that it would
grant summary judgment as to all appellants’ claims for private nuisance,
constructive fraud, fraud, “tortious act,” and strict liability.  With respect to the claims for
negligence and gross negligence, the court indicated that it would grant
summary judgment as to the thirteen appellants for whom Appellants’
expert had failed to express an opinion as to causation.[5] 
In response to Appellants’ complaint that they had not received
discovery on those thirteen persons until the day of the hearing, the trial
court refused any relief. 

            Appellants
moved for reconsideration of the trial court’s ruling in December and
apparently submitted a revised expert affidavit, together with over forty boxes
of additional documents scanned to a diskette.[6] 
Veritas objected to Appellants’ attempt to submit additional
evidence after the court had already ruled on the motion for summary judgment,
and Appellants contended that they were: (1) simply submitting evidence relied
upon by their expert in preparing the previous affidavit; and (2) taking an
opportunity to “cure” a defect in the form of an affidavit under Tex. R. Civ. P. 166a(f).  The trial court denied the motion for
reconsideration.

             On January 3, 2005, the trial court
entered an order granting summary judgment as to all claims of thirteen
appellants, and all claims of the remaining seventeen appellants except for
negligence and gross negligence.

            The
remaining negligence and gross negligence claims were tried to a jury, which
returned a verdict for Veritas.  The
trial court entered a final, take-nothing judgment.  Appellants moved for a new trial,
alleging jury misconduct, error in handling the exhibits,  and evidentiary insufficiency.  The trial court denied Appellants’
motion.  The trial court severed the
two judgments disposing of Appellants’ claims and Appellants now appeal.

II.  Analysis

            Appellants
present six issues for review.  In
their first issue, Appellants claim that the trial court erred in granting summary
judgment.  In their second issue,
Appellants claim that the evidence presented genuine issues of material fact
and that the trial court misapplied the summary judgment standard.  In their third issue, Appellants claim
that the trial court abused its discretion by failing to continue the summary
judgment hearing, overruling their objection that the summary judgment was
premature, refusing to let Appellants “cure,” and denying their
motion for rehearing.  Issue four
challenges the legal and factual sufficiency of the evidence supporting the
jury’s findings.  In issue
five, Appellants contend that the trial court abused its discretion in denying
their motion for new trial based on 
jury misconduct.  In their
sixth issue, Appellants argue that the trial court’s handling of exhibits
constitutes reversible error.

            We
overrule all of Appellants’ issues, and affirm the judgment of the trial
court.[7]

A.        The
Summary Judgment

            Appellants
present several different issues arising from the trial court’s grant of
summary judgment.  Some of these
issues appear to be duplicative, and others are not briefed.  Issues that are not “supported by
argument and authorities . . . are waived.”  King v. Graham Holding Co., Inc.,
762 S.W.2d 296, 298 (Tex. App.—Houston [14th Dist.] 1988, no writ)
(quoting Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983)); Williamson v. New Times,
Inc., 980 S.W.2d 706, 711 (Tex. App.—Ft. Worth 1998, no pet.) (where
Appellant “failed to present any argument or to cite any authority . . .
points have not been properly presented for our review.”).  Texas Rule of Appellate Procedure
38.1(h) expressly requires a brief to “contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P. 38.1(h).

            A
review of Appellants’ arguments shows that, despite having listed seven
different complaints under issues one, two (a) and (b), and three
(a)–(d), Appellants have briefed only two issues: subparts (a) and (c) of
their third issue, which ask whether the trial court erred in refusing to grant
a continuance and whether the trial court erred in refusing to permit them an
opportunity to cure by refusing to accept late-submitted evidence.  Appellants’ remaining issues are
waived because Appellants simply have not developed or briefed these issues in
a manner permitting our review.  See
King, 762 S.W.2d at 300; Williamson, 980 S.W.2d at 711.  

            In
particular, Appellants’ first issue, and subpart (a) of Appellants’
second issue, both of which relate to whether a genuine issue of fact precluded
summary judgment, are waived because of deficient development and briefing on
appeal.  Although Appellants have
raised an issue under Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119
(Tex.1970), they must still support their issue with argument and
authority.  Cruikshank v.
Consumer Direct Mortg., Inc., 138 S.W.3d 497, 502 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); Spera v.
Fleming, Hovenkamp & Grayson, P.C., 25 S.W.3d 863, 874 (Tex.
App.—Houston
[14th Dist.] 2000, no pet.). 
Appellants nowhere explain what they believe the genuine issue of fact
is, what particular evidence they believe raises it, or even what particular
claim they believe the evidence implicates.  Appellants claim that

. . . the Affidavit of
[Appellants’] expert Adams established genuine issues of material fact
regarding [Appellants’] claims against Veritas (Supp. C/R), as did the
Amended Affidavits (Supp. C/R) and the 40 boxes of evidence that he reviewed in
reaching his conclusions. 

This global
reference to all of the material Appellants submitted fails to provide us with
a coherent argument explaining why summary judgment was improper.  See King, 762 S.W.2d at 300
(failure to “refer to any evidence, much less reference it in the
record” waives complaint about summary judgment).  We accordingly overrule
Appellants’ first issue, and subpart (a) of Appellants’ second
issue.

            The
other issues that Appellants raise, subpart (b) of their second issue and
subparts (b) and (d) of their third issue, appear to merely be duplicative
of their complaints about the trial court’s failure to grant the
continuance or permit a cure when it refused to accept late-submitted evidence.[8] 
To the extent that these issues are not duplicative, they too have been
waived in light of Appellants’ failure to explain and brief them
adequately. 

            1.         The
Refusal to Grant a Continuance

            In
subpart (a) of their third issue, Appellants argue that the trial court abused
its discretion by refusing to grant a continuance giving them additional time
to respond to the motion for summary judgment.  Similarly, subpart (b) of their third
issue argues that the court erred in overruling their objection based on the
alleged prematurity of the summary judgment hearing.  A trial court may order a continuance of
a summary judgment hearing if it appears “from the affidavits of a party
opposing the motion that he cannot for reasons stated present by affidavit
facts essential to justify his opposition.” Tex. R. Civ. P. 166a(g).  Whether to grant a continuance or not is
committed to the trial court’s discretion. 

             We review a trial court’s denial of
a continuance for a clear abuse of discretion on a case-by-case basis.  See Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 161 (Tex. 2004); Wright
v. Sydow, 173 S.W.3d 534, 550 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).  A trial court abuses its discretion only
when it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law. 
Joe, 145 S.W.3d at 161. 
The following nonexclusive factors guide our inquiry into whether a
trial court abused its discretion in denying a motion for continuance:  the length of time the case has been on
file, the materiality and purpose of the discovery sought, and whether the
party seeking the continuance has exercised due diligence to obtain the
discovery sought.  Id.  If a motion for continuance is not
verified or supported by affidavit, we will presume the trial court did not
abuse its discretion in denying the motion.  See Daugherty v. Jacobs, 187
S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.]
2006, no pet.) (quoting Villegas v. Carter, 711 S.W.2d 624, 626
(Tex.1986)).

            The
trial court did not abuse its discretion in denying Appellants’ motion
for continuance.  Appellants’
motion did not comply with Texas Rule of Civil Procedure 252.  See Tex. R. Civ. P. 252 (stating the requisites of a motion for
continuance).  Among other
inadequacies, Appellants, in that they failed to explain why they did not have
the discovery they claim they needed, failed to demonstrate due diligence in
attempting to obtain the discovery. 
See id.  This failure
is significant because the case had been on file for nearly three years before
the summary judgment was set for hearing, and Appellants did not seek the data
until almost two years after filing suit. 
Appellants’ claim on appeal that they had been focused on other aspects
of the case does not excuse this lapse or demonstrate the diligence that the
rule requires.  See Carter v.
MacFadyen, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)
(holding failure to grant continuance was not an abuse of discretion where
party “gave no explanation for why nine months had passed without any
discovery”).  The trial court
heard the summary judgment motion only weeks before the case was set for
trial.  It was not unreasonable for
the court to conclude that Appellants were not entitled to a continuance.[9] 
We overrule subparts (a) and (b) of Appellants’ third issue.[10]

            2.         No
Opportunity to “Cure” by
Submitting Documents Late  

            In
subpart (c) of their third issue, Appellants allege error arising from what
they contend is the district court’s refusal to permit them to
“cure” an alleged procedural defect in their expert’s
affidavit.  Subpart (d) of their
third issue claims that the district court erred in denying their motion for
reconsideration.  The gist of
Appellants’ complaint is a putative requirement imposed on the trial
court to consider a revised expert affidavit, in addition to forty boxes of
documents submitted over a month after the summary judgment hearing had
concluded.








            Rule
166a(c) of the Rules of Civil Procedure provides that “[e]xcept on leave
of court, the adverse party, not later than seven days prior to the day of
hearing may file and serve opposing affidavits or other written
response.” Tex. R. Civ. P. 166a(c).  This rule requires a party to seek leave
of the court in order to file evidence late.  Benchmark Bank v. Crowder, 919
S.W.2d 657, 663 (Tex.1996) (“Summary judgment evidence may be filed late,
but only with leave of the court.”). 
As the rule makes clear, the court has discretion to accept late-filed
evidence, but it is not obliged to do so. 
See Denman v. Citgo Pipeline Co., 123 S.W.3d 728, 734 (Tex.
App.—Texarkana 2003, no pet.) (finding no abuse of discretion in refusing
to consider evidence attached to a motion for reconsideration).  

            In
this case, there is no indication that the trial court considered the documents
submitted by Appellants after the hearing, consisting of the revised expert
affidavit and the forty boxes of documents submitted on a diskette.  The record does not show that Appellants
sought leave of the court to file this material late or that they demonstrated
good cause for their untimeliness. 
This lapse is remarkable considering that Appellants did not produce the
material upon which they now seek to rely until several weeks after the
hearing on the motion for summary judgment.[11] 
Absent a ruling by the district court permitting late filing, these
documents are not properly before us. 
Benchmark Bank, 919 S.W.2d at 663.  Appellants have not shown that the trial
court abused its discretion in refusing to consider them.  See Denman, 123 S.W.3d at 733; Obregon,
2 S.W.3d at 374–75.  

            Contrary
to Appellants’ characterization of this issue, the submission of numerous
untimely documents cannot be characterized as a simple attempt to correct a
“defect in the form” of an affidavit under Texas Rule of Civil
Procedure 166a(f).  As the court
noted in Baker v. Gregg County, 33 S.W.3d 72, 78  (Tex. App.—Texarkana 2000, pet.
dism’d), this rule does not operate to require a court to consider
evidence that is untimely:

[Plaintiff’s] point on appeal
does not fall within the rule because she is not seeking to reverse the trial
court on the ground that it considered a defective affidavit as summary
judgment evidence. To the contrary, [plaintiff’s] main point on appeal is
that the trial court erred in not considering evidence that she
submitted. [Defendants] did properly object to the evidence at the summary
judgment hearing, but they were not required to do so by Rule 166a(f). Rule
166a(f) gives [plaintiff], the party against whom summary judgment was granted,
no opportunity to amend her own evidence. 
Further, [plaintiff] never sought an opportunity to amend her evidence;
she simply argued that it was proper without asking the court for permission to
amend or file an untimely affidavit.

Id. 
Baker is not materially different from the case before us.  Appellants cannot rely on Rule 166a(f)
to avoid the clear deadlines applicable to the submission of evidence in
summary judgment practice.

            We
accordingly overrule subparts (c) and (d) of Appellants’ third issue.

B.        Trial
on the Claims for Negligence and Gross Negligence

            Appellants’
fourth, fifth, and sixth issues relate to the jury’s verdict.  The claims for negligence and gross negligence
of seventeen of the appellants were tried to a jury, which returned a defense
verdict.  On appeal, Appellants
claim that the evidence was legally and factually insufficient to support the
jury’s verdict; that the jury’s verdict was tainted by misconduct
arising when some of the jurors “deliberated” outside the presence
of the rest of the jury and when the jury failed to consider exhibits in
reaching their decision; and that the jury was deprived of access to evidence
in reaching its verdict.

 

 

            1.         Legal
and Factual Sufficiency

            In
their fourth issue, Appellants challenge the legal and factual sufficiency of
the evidence.  In challenging the
sufficiency of the evidence to support a verdict, a party may raise both legal
and factual sufficiency challenges. 
See Dow Chemical Co. v. Francis, 46 S.W.3d 237,
241–42 (Tex.
2001) (explaining standards as they apply to review of findings on adverse
issues upon which the party has the burden of proof).  “When a party attacks the legal
sufficiency of an adverse finding on an issue on which she has the burden of
proof, she must demonstrate on appeal that the evidence establishes, as a
matter of law, all vital facts in support of the issue.”  Id.
at 241.  To do so, the party must
establish that there is no evidence supporting the jury’s finding and
that the contrary proposition is established as a matter of law.  Id.


            To
attack the factual sufficiency of an adverse finding on an issue for which a
party has the burden of proof, the party must show that the adverse finding is
against the great weight and preponderance of the evidence.  Francis, 46 S.W.3d at 242.   Considering all of the evidence in
the record, a party must demonstrate that the evidence is so weak or the
finding is so against the great weight and preponderance of the evidence that
it is clearly wrong and unjust.  See
id.; see also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (describing
the findings an appellate court must make in order to set aside a verdict on
factual sufficiency grounds). It is fundamental that in reviewing the legal and
factual sufficiency of the evidence, “an appellate court cannot merely
substitute its judgment for that of a jury, because the court cannot exercise
its constitutional authority to the detriment of the right of trial by jury,
which is of equal constitutional stature.”  Cropper v. Caterpillar Tractor Co.,
754 S.W.2d 646, 651 (Tex.
1988).

            At
trial, structural engineer Ramon Carrasquillo testified for Veritas.  According to Carrasquillo, the damage to
Appellants’ homes was inconsistent with vibration damage.  John Thornton, another structural
engineer who testified for Veritas, examined one appellant’s home and
stated that its damage was caused by natural soil movement, not
vibrations.  Several other defense experts
testified that natural soil movement, not vibrations, caused the damage to
Appellants’ homes. 
Geophysicist Steve Danborn testified that the Veritas’s  seismic survey could not have damaged
the homes, and geophysicist Joe Austin testified that the survey was one of the
safest planned jobs he had ever seen.

            Appellants’
expert Olan Adams, a geophysical consultant, testified that he could not
determine whether ground roll had damaged any of the appellants’
homes.  He admitted that he could
not quantify the amount of ground roll or the amount of vibration in any of the
appellants’ homes.  He also
could not quantify the amount of vibration generated by Veritas’ trucks.  Adams
further testified that he did not know the amount of force required to move one
of the surface faults.  He admitted
that he had not investigated whether the damage could have been caused by
something other than the seismic testing.

            Another
of Appellants’ experts, civil engineering consultant Samuel Ebo Coleman,
admitted that in his deposition, he had attributed the damage to the homes to
possible normal soil expansion or contraction.  Appellants’ expert Charles
Jenkins, a structural engineer, testified that he had seen no evidence allowing
him to attribute damage to Appellants’ homes to seismic vibrations.  He stated that he knew nothing about
Veritas and had no specific knowledge about the types of vibrations generated
by vibroseis trucks.

            Having
reviewed the record for evidence that supports the jury’s finding, we
conclude that the evidence is legally sufficient to support the verdict for
Veritas.  Numerous defense experts
testified that the damage to the home was not caused by the seismic vibrations,
and Appellants’ experts failed to conclusively establish that vibrations
from the seismic survey damaged the homes. 
Therefore, the evidence is legally sufficient to support the defense
verdict.

            We
also find the evidence to be factually sufficient.  In addition to the above testimony,
Appellants offered expert testimony “describing in detail what Veritas
did in contrast to what it should have done.”  Appellants also testified themselves as
to the damage to their property allegedly caused by the seismic testing.  Considering all of the evidence, we find
that neither the expert testimony nor the lay testimony from Appellants
establishes that the evidence is so weak or that the finding for Veritas is so
against the great weight and preponderance of the evidence that it is clearly
wrong and unjust.  Accordingly, we
find the evidence to be factually sufficient to support the verdict.  We overrule Appellants’ fourth
point of error.

            2.         Jury
Misconduct

            In
their fifth issue, Appellants argue that the trial court abused its discretion
in failing to grant their motion for new trial due to jury misconduct.  Appellants contend that some jurors
improperly deliberated without the entire panel present and that the jury
reached a verdict without considering any of the exhibits introduced into
evidence.

             To establish entitlement to a new trial
based on jury misconduct, Appellants had to prove: (1) misconduct occurred; (2)
the misconduct was material; and (3) the misconduct probably resulted in
injury, considering the record as a whole. 
Tex. R. Civ. P. 327(a); Golden
Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 372 (Tex. 2000) (interpreting Rule 327).  Absent findings to the contrary, we must
assume that the trial court made all findings in support of its decision to
deny the motion for new trial.  Golden
Eagle, 24 S.W.3d at 372.  We
must give considerable deference to the trial court’s findings as it is
in the best position to evaluate the evidence and draw conclusions
therefrom.  Shop Rite Foods, Inc.
v. Upjohn Co., 619 S.W.2d 574, 582 (Tex. App.—Amarillo 1981, writ
ref’d n.r.e.).  
Accordingly, we reverse the trial court’s decision only when there
is a clear abuse of discretion.  Rankin
v. Atwood Vacuum Mach. Co., 831 S.W.2d 463, 467 (Tex. App.—Houston
[14th Dist.] 1992, writ denied); Golden Eagle 24 S.W.3d at 372 (holding
that the trial court did not abuse its discretion in denying a new trial due to
jury misconduct).  A trial court
abuses its discretion when it acts in an arbitrary or unreasonable manner, or
if it acts without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985); Law v.
William Marsh Rice Univ., 123 S.W.3d 786, 792 (Tex. App.—Houston [14th Dist.]
2003, pet. denied). 

            Appellants
make several allegations of improper jury discussions in their motion for new
trial, including jurors discussing the case outside the jury room and
deliberating in the jury room when not all of the jurors were present.  The only support for their allegations
is an affidavit by James Alber, who testified that he overheard several jurors
“talking about Ameridan [a former defendant who settled] and laughing as
they strolled by.”  While it
is questionable whether Appellants have met their burden in showing misconduct occurred[12],  assuming they had, it is clear that
Appellants offered no proof as to the materiality of these discussions, or the
harm that probably resulted from them. 
As a result, Appellants failed to meet their burden in proving jury
misconduct.  See Golden Eagle,  24 S.W.3d at 372 (stating that the
movant must establish the three elements required to prove jury
misconduct).  Therefore, the trial
court did not abuse its discretion in denying Appellants’ motion for new
trial.  We overrule
Appellants’ fifth issue.

            3.         Exhibits
Error

            In
their sixth issue, Appellants contend that the trial court’s failure to
submit the exhibits introduced at trial to the jury for deliberations
constitutes reversible error.[13]  Rule 281
of the Texas Rules of Civil Procedure provides “the jury may, and on
request shall, take with them in their retirement the charges and instructions
. . . and any written evidence, except the depositions of witnesses . . .
”  Tex. R. Civ. P. 281. 
The Supreme Court has interpreted Rule 281 to be mandatory requiring the
trial court to send all exhibits admitted into evidence to the jury room for
the jury’s deliberations.  First
Employees Ins. Co. v. Skinner, 646 S.W.2d 170, 172 (Tex. 1983).  A trial court’s failure to ensure
that the jury receives the exhibits during deliberations is error.  Id.  The trial court’s failure to send
the exhibits to the jury room is not necessarily reversible error.  

            In
this case, the trial court clearly failed to tender the exhibits to the jury
for their deliberations.  Thus, we
must determine whether this error requires reversal.  A trial court error is reversible when
the “the error complained of amounted to such a denial of the rights of
the petitioner as was reasonably calculated to cause and probably did cause the
rendition of an improper judgment in the case . . . ”  Tex.
R. App. P. 44.1(a).  Whether
to reverse or not “is a judgment call entrusted to the sound discretion
and good sense of the reviewing court from an evaluation of the whole
case.”  First Employees,
646 S.W.2d at 172.  

            Several
cases have found a trial court’s violation of Rule 281 to be harmless
error.  See First Employees,
646 S.W.2d at 173; Cruz v. Hinojosa, 12 S.W.3d 545, 550 (Tex.
App.—San Antonio 1999, pet. denied); Interstate Northborough
P’ship v. State, 66 S.W.3d 213, 227 (Tex. 2001).  The common thread in the facts of these
cases is that the evidence which was to be submitted to the jury for
deliberations was cumulative of evidence already submitted for the jury’s
examination during trial.  See
First Employees, 646 S.W.2d at 173 (holding that the jury had sufficiently
examined and heard testimony regarding the exhibits); Cruz, 12 S.W.3d at
550 (holding that the jury had heard sufficient testimony regarding certain
technical drawings and photographs); Interstate, 66 S.W.3d at 227
(finding that even if there was error in failing to provide an exhibit to the
jury for deliberations, it was harmless because it was cumulative).  For instance, in First Employees,
the exhibits consisted of certain statements against a party’s
interest.  First Employees,
646 S.W.2d at 173.  The Supreme
Court held that because the jury had examined the exhibits during trial and the
party had been cross-examined on the statements made, the absence of the
exhibits from the jury room during deliberations was harmless.  Id.

            In
this case, Appellants fail to specify which exhibits harmed them as a result of
not being submitted to the jury. 
Instead, they simply cite to all three volumes of exhibits.  It is apparent from the record that the
jury was able to examine most of the exhibits, or at least  heard testimony regarding the
information contained in the exhibits. 
Appellants generally argue that the failure to tender the exhibits to
the jury for deliberations caused harm because it “strongly
suggested” that the jury need not consider the exhibits.  As support for this contention,
Appellants point to the affidavits of several jurors who state that they felt
no apparent need to review the exhibits during their deliberations.  Appellants conspicuously omit the
remaining portion of the jurors’ statements which state that they felt no
need to review the exhibits because they had “viewed or considered all
of the evidence during the . . . 
trial.”  These
jurors’ statements along with our analysis of the record show that
despite the trial court’s error in failing to ensure the delivery of the
exhibits to the jury for deliberations, the error was harmless because of their
cumulative nature. See First Employees, 646 S.W.2d at 173
(holding that error in failing to deliver exhibits was harmless).

            Appellants
cite Hanzi v. Shelton, No. 14-02-01151-CV, 2003 WL 22232742 (Tex.
App.—Houston
[14th Dist.] 2003, no pet.)(not designated for publication), for the contention
that the trial court’s failure to send the exhibits to the jury for
deliberations is reversible error.  Hanzi
is distinguishable from this case for a couple of reasons.  First, the exhibits in Hanzi were
not cumulative in nature, as they were not published to the jury, and the
information contained in them was not presented through testimony.  Id.
at *2.  Additionally, four of the
jurors in Hanzi submitted affidavits stating that they would have
changed their votes had the missing exhibits been available during
deliberations.  Id. at *2.  Clearly Hanzi is distinct from
this case where the evidence from the record and the statements by the jurors
make clear that the information in the exhibits was sufficiently available to
and considered by the jurors in reaching their verdict.  As a result of the cumulative nature of
the information in the exhibits in this case, it does not appear that the trial
court’s error in failing to ensure the delivery of the exhibits to the
jury for deliberations probably caused the rendition of an improper judgment in
this case.  Therefore, we hold that
the error was harmless and overrule Appellants’ sixth issue. 

III.  Conclusion

            For
the foregoing reasons, we affirm the judgment of the trial court.

 

 

                                                                                    

                                                                        /s/        Adele Hedges

                                                                                    Chief
Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed October 5, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

 

 

 

 

 

 

 

 











[1]  Individuals who sued as a couple are treated as a
single plaintiff.  The thirteen
plaintiffs whose claims were dismissed in whole by the trial court are: James
Barnett, Sr., Neil G. Baron, Leo Bookman, Odell Broom, Emily Brown, Thomas
Cones, Barbara White Cooper, George, Sr. And Irene Goffney, Joseph and Joan
Hagler, Lois Height, Estate of Dorothy Henderson, Delma Hill, and Babe White,
Jr.





[2]  The remaining seventeen plaintiffs are: Joseph and
Janice Barnett, Wayne and Janet Bazemore, Theophilus and Jacquelyn Boyce,
Josephine Braggs, Pencie Brewington, Scott and Melinda Campbell, Leopoldo and
Dianna Castillo, Joe and Sylvia Cerda, Elefterios and Velda Cuclis, Ava Lee
Deats, James and Merideth Fisher, David and Mary Guerra, Rhonda Halili, Beth
Martin, Rebecca J. Mason, Charlotte Rhodes, and Michael and Rhonda Watkins.





[3]  In addition to Veritas, the original defendants
included Enron Corp., EOG Resources, Inc., Ameridian Technologies, Inc., St.
Paul Fire & Marine Insurance Company, J. Nichols & Company L.L.C., and
the cities of Friendswood, League City, and Dickinson. 





[4]  Appellants moved for a continuance in their response
to the motion for summary judgment. 
This response refers to a verified motion for continuance, which was
allegedly contemporaneously filed. 
The record on appeal does not include this verified motion, and the
district clerk has indicated that it is not part of the clerk’s
record.  For the purposes of our
analysis, we will simply examine the motion for a continuance discussed in
Appellants’ summary judgment response.  We note, however, that it remains
necessary for a party to comply with Tex.
R. Civ. P. 252 when moving for a continuance.  See infra note 8.





[5]  At the hearing, the trial court indicated that it was
granting judgment as to fourteen plaintiffs.  The court’s reference to fourteen
was apparently a mistake arising from a typographical error.  On appeal, all parties agree that the
trial court actually granted judgment as to only thirteen plaintiffs.





[6]  Neither Appellants’ second supplemental response
nor the revised affidavit was made part of the record on appeal.





[7]  Appellees contend that this court lacks jurisdiction
because Appellants have failed to include the trial court’s summary
judgment order as part of the record on appeal.  Appellees do not dispute that the trial
court entered this order, or that the judgment in this case is final.  This court’s jurisdiction is not
defeated by Appellants’ failure to submit a complete record.





[8]  Subpart (b) of Appellants’ second issue alleges,
without elaboration, that the trial court “misapplied the summary
judgment rules and standards.” 
Subparts (b) and (d) of Appellants’ third issue respectively  inquire into whether the trial court
erred in overruling the objection that the summary judgment was premature and
whether the trial court erred in denying the motion to reconsider.





[9]  We also note that the motion for continuance in the
appellate record was not verified as required by Rule 252.  This failure provides an independent
basis for holding that the trial court did not abuse its discretion in denying
the motion.  Daugherty, 187
S.W.3d at 619.





[10]  Aside
from Appellants’ complaints about the trial court’s refusal to
grant a continuance, we do not understand Appellants to be independently
asserting that Veritas filed the no-evidence portions of its motion for summary
judgment before an “adequate time for discovery” had passed under
Texas Rule of Civil Procedure 166a(i). 
“An adequate time for discovery is determined by the nature of the
cause of action, the nature of the evidence necessary to controvert the
no-evidence motion, and the length of time the case had been active in the
trial court.”  Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.]
2000, pet. denied) (holding that sixteen months was adequate under the
circumstances of the case).  Considering
the facts of this case, it is clear that Appellants had an adequate time to
conduct discovery before being required to respond to a no-evidence motion for
summary judgment.

 





[11]  The
submission of forty boxes of documents on a diskette was unreasonable in any
event.  To respond to a no-evidence
motion for summary judgment, a party cannot simply dump boxes of documents upon
the trial court in an attempt to submit evidence raising a fact issue.  Instead, in responding to a no-evidence
summary judgment, the non-movant “bears the burden to file a written
response that raises issues preventing summary judgment, and that points to
evidence supporting those issues. 
Where the non-movant fails to meet that burden, the trial court is not
required to supply the deficiency, but instead must grant the
motion.”  Burns v. Canales,
No. 14-04-00786-CV, 2006 WL 461518, at *6 
(Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet.
struck) (mem. op.) (“The issue is whether the trial court must search
through all of the non-movant’s evidence to determine if a fact issue
exists without any guidance concerning what evidence creates an issue on a
particular element.”).

 





[12]  There are several reasons why it is questionable
whether Appellants could prove that jury misconduct actually occurred: (1)
Appellee puts in doubt Mr. Alber’s affidavit, the sole support for  Appellants’ contentions, noting
that “Mr. Alber is married to Appellants’ counsel’s paralegal
who participated in the trial of this case”; (2) Appellants offer no evidence
of their allegation that deliberations occurred in the jury room without the
entire panel present; and (3) Appellees offer evidence that controverts Mr.
Alber’s statement about specific juror discussions outside of the jury
room.





[13]  Appellants further argued in their brief that the jury
acted improperly in reaching a verdict without considering exhibits that were
introduced into evidence at trial. 
The thrust of Appellants’ legal argument, however, is aimed at
Texas Rule of Civil Procedure 281 which places a duty on the trial court to
send all exhibits admitted into evidence to the jury room for
deliberations.  See Tex. R. Civ. P. 281; First Employees
Ins. Co. v. Skinner, 646 S.W.2d 170, 171 (Tex. 1983) (holding that Rule 281
places a duty on the trial court to send exhibits to the jury room).  Rule 281 places no duty on the jury, but
rather mandates that the trial court ensure that the jury receives the
exhibits.  See First Employees,
646 S.W.2d at 171.  Therefore, Appellants’ argument
that the jury acted improperly in failing to consider the exhibits telescopes
into and duplicates their argument that the trial court erred in not sending
the exhibits to the jury.