

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-15-00463-CV

**JBS CARRIERS, INC.** and James Lundry,
Appellants

v.

Trinette L. **WASHINGTON**, Sophia Renee Lenzy, Thomas Charles Lenzy, Individually and as
Representatives of the Estate of Mary L. Turner, Deceased,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-13011
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice
Dissenting Opinion by:  Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  January 11, 2017

Because I believe the trial court erred in excluding evidence of Mary Turner's pre-existing mental health conditions and her drug and alcohol use at the time of the accident, I respectfully dissent. I conclude that not only did the trial court abuse its discretion in excluding such evidence as more prejudicial than probative, *see* TEX. R. EVID. 403, I believe the excluded evidence was crucial to the issue of proportionate responsibility, resulting in the rendition of an improper judgment. *See id.* R. 44.1(a)(1).

In its answer, JBS Carriers, Inc. and James Lundry alleged Turner failed to exercise ordinary care and that this failure caused or contributed to her death and the damages resulting therefrom. Although the common law defense of contributory negligence no longer exists under Texas law, the underlying concept is still relevant and encompassed in our proportionate-responsibility statute. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 209–10 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.001-.017 (West 2015). The same facts used to prove contributory negligence may be used to diminish a plaintiff's recovery by proving the plaintiff bore some responsibility for her own injuries. *Austin*, 465 S.W.3d at 210. This may even preclude a plaintiff from recovering at all if the defendant can establish the plaintiff bore more than fifty percent of the responsibility for her own injuries. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001, 33.003). As stated by the supreme court, although contributory negligence is no longer an affirmative defense that acts "as an absolute bar to recovery, it remains a defensive issue on which a defendant bears the burden of proof." *Id.*

In support of its contention that Turner bore some responsibility in this matter, JBS was permitted to introduce the video showing Turner entering the roadway far from the actual intersection, i.e., jay walking, and failing to stop or even slow down as she entered the roadway. In addition, JBS presented testimony from Detective Doyle who testified Turner was not in the crosswalk at the time of the accident. *See* TEX. TRANSP. CODE ANN. § 552.005(a) (West 2011) (stating pedestrian shall yield to vehicle if crossing road in other than marked crosswalk or in unmarked crosswalk at intersection). The detective further testified Turner failed to yield the right-of-way, and was, in fact, looking forward when she was struck. *Id.*; *see also* TEX. TRANSP. CODE ANN. § 552.003(b) (stating pedestrian may not suddenly leave curb or other place of safety and proceed in the path of a vehicle so close that it is impossible for vehicle operator to yield).

Detective Doyle concluded Turner was at fault for the accident. Seemingly as a result of this evidence, the jury found Turner twenty percent responsible for the accident. However, JBS sought to introduce additional evidence to establish Turner's fault was far more than the twenty percent ultimately found by the jury.

Specifically, JBS sought to introduce an admission made by Turner's daughter at the scene of the accident that Turner suffered from paranoid schizophrenia and bi-polar disorder. The existence of these conditions, as well as the fact that Turner suffered from anxiety, was verified by Turner's medical records, which were also excluded. The records established Turner was prescribed numerous medications to treat her mental health issues, including: (1) Klonopin, a tranquilizer; (2) Lithium, a mood stabilizer; (3) Haldol, to treat schizophrenia; (4) Seroquel, to treat bipolar disorder and schizophrenia; (4) Xanax, a tranquilizer; (5) Ambien, to treat sleeplessness; (6) Hydroxyzine, to treat anxiety; and (7) Vicodin, to treat pain. JBS also sought to introduce the autopsy and toxicology reports, which established that at the time of the accident, Turner was positive for cocaine, oxycodone, and alcohol, but negative for medications previously prescribed to treat her mental health conditions. Finally, JBS sought to introduce testimony from its expert, Dr. Keith Miller, who would have testified about the effect and purpose of Turner's medications, as well as her mental health issues and their possible effect on Turner's ability to process information and her perception of reality. However, the trial court excluded all of this proposed evidence, ruling its probative value was outweighed by its prejudicial effect pursuant to Rule 403 of the Texas Rules of Evidence.

An appellate court reviews a trial court's exclusion of evidence for an abuse of discretion. *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 161 (Tex. 2015). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding principles or

rules. *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Erroneous exclusion of evidence is reversible error if it probably resulted in an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Garza*, 466 S.W.3d at 161. In *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009), the supreme court held: "[I]t is not necessary for the complaining party to prove that 'but for' the exclusion of evidence, a different judgment would necessarily have resulted. The complaining party must only show 'that the exclusion of evidence probably resulted in the rendition of an improper judgment.'". The exclusion of evidence is likely harmless when the evidence excluded was cumulative or "the rest of the evidence was so one-sided that the error likely made no difference in the judgment." *Cent. Expressway Sign*, 302 S.W.3d at 870. Whether the erroneous exclusion of evidence probably caused the trial court to render an improper judgment is a "judgment call entrusted to the sound discretion and good sense of the reviewing court from an evaluation of the whole case." *First Emps. Ins. Co. v. Skinner*, 646 S.W.2d 170, 172 (Tex. 1983).

Under Texas law, we presume relevant evidence is admissible. TEX. R. EVID. 402. In this case, I do not believe the relevance of the excluded evidence can be contested. Although the excluded evidence was relevant, it was still subject to exclusion under Rule 403 of the Texas Rules of Evidence if it was more prejudicial than probative. *Id.* R. 403. Under Rule 403, a trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of, among other things, unfair prejudice. *Id.* However, "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Estate of Finney*, 424 S.W.3d 608, 613 (Tex. App.—Dallas 2013, no pet.); *Murray v. Tex. Dep't. of Family & Protective Servs.*, 294 S.W.3d 360, 368 (Tex. App.—Austin 2009, no pet.). The party

opposing the proffered evidence has the burden to show why the evidence is prejudicial and how the prejudicial attributes substantially outweigh the probative value of the evidence. *Murray*, 294 S.W.3d at 368 (quoting *Goldberg v. State*, 95 S.W.3d 345, 367 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd)).

Evidence is unfairly prejudicial when it has "an undue tendency to suggest that a decision be made on an improper basis, commonly, but not necessarily, an emotional one." *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied). In applying Rule 403, the court should consider the probative value of the evidence, the potential of the evidence to impress the jury in some irrational way, the time needed to develop the evidence, and the proffering party's need for the evidence. *Id.* As noted by the Beaumont Court of Appeals, the power of exclusion found in Rule 403 should be used sparingly. *In re Commitment of Winkle*, 434 S.W.3d 300, 309 (Tex. App.—Beaumont 2013, pet. denied); *see Finney*, 424 S.W.3d at 613. In other words, relevant evidence should not be excluded without "very good cause." *See Davis v. Davis*, 521 S.W.2d 603, 607 (Tex. 1975) (holding that rules that exclude evidence bearing directly on truth to be determined should not apply absent very good cause).

In this case, the excluded evidence was probative to show Turner's proportionate responsibility for the accident. The excluded evidence — including statements by Turner's own daughter — established Turner suffered from two serious mental health conditions — paranoid schizophrenia and bi-polar disorder — conditions that could have affected her perceptions. If permitted, Dr. Miller would have explained to the jury that as a result of these disorders, Turner would have been out of touch with reality and lacked the ability to rationally understand and properly perceive her surroundings.[1] This would have provided an explanation as to why Turner

---

[1] There was a suggestion that Dr. Miller's testimony should have been excluded because it was contrary to his deposition testimony. This is an inaccurate portrayal of the events. At the time of his deposition, Dr. Miller did not

chose to walk into a roadway — seemingly without stopping or looking — outside of the crosswalk. Her conditions, according to Dr. Miller, would have been exacerbated by the fact that at the time of the accident, she had not been taking the medications prescribed by other health care providers to alleviate the effects of those conditions. We recognize, as the majority asserts, that the evidence regarding the prescribed medications was based on a physician visit two months before the accident. However, even if it could be said the evidence regarding her prescribed medications was too prejudicial based on the time-gap, the same reasoning does not apply to the existence of her mental health conditions and their effect on her perceptions, nor to the fact that the toxicology report showed that at the time of the accident Turner had been using cocaine, alcohol, and oxycodone.

I do not believe the excluded evidence had an undue tendency to suggest that the jury determine proportionate responsibility on an improper basis, including an emotional one. *See Anderson*, 392 S.W.3d at 882. The existence of a mental disease affecting one's perception of reality and illegal drug use is evidence jurors should be permitted to consider in determining responsibility for an accident such as the one that occurred in this case. I believe that if Lundry, the driver of the truck, had been found to suffer from similar mental conditions or had tested positive for alcohol or illegal substances, the trial court would have found this evidence admissible in response to a challenge under Rule 403. And here, the jury believed Turner bore some responsibility given the its finding that Turner was twenty percent responsible for the accident. Considering the probative value of the excluded evidence, the absence of any potential of the evidence to impress the jury in some irrational way, the negligible amount of time needed to

have access to either the autopsy or toxicology reports. Dr. Miller's trial testimony was not new or contrary to his deposition testimony. Rather, his trial testimony was based on access to additional documents unavailable to him at the time of his deposition. Thus, exclusion on this basis would also, in my opinion, constitute an abuse of discretion.

develop the evidence, and JBS's obvious need for the evidence, I do not believe we can say the trial court acted in accordance with guiding rules and principles. *See id.* Thus, at a minimum, I believe the trial court erred in excluding evidence of Turner's existing mental health conditions — whether Dr. Miller had actually treated her or not — and her alcohol and illegal drug use at the time of the accident. I would therefore hold the trial court clearly abused its discretion in excluding this evidence. *See Garza*, 466 S.W.3d at 161.

I would further hold, considering the record as a whole, that the exclusion of the evidence probably resulted in improper verdict and subsequent judgment. The jury's findings on proportionate responsibility are particularly compelling. The jury found Turner twenty percent responsible knowing only that she failed to use the cross-walk, failed to yield the right-of-way, and failed to stop or slow down as she entered the roadway. If jurors had been permitted to hear about Turner's mental conditions and their effect, as well as her use of alcohol and illegal drugs, particularly on the day of the accident, I am certain the finding on Turner's responsibility would have been in excess of twenty percent — possibly negating any responsibility on the part of JBS or Lundry.

As noted above, JBS does not have to prove that "but for" the exclusion of this evidence a different judgment would have resulted. *See Cent. Expressway Sign.*, 302 S.W.3d at 870. Moreover, the excluded evidence was not cumulative, nor was the evidence so one-sided that the exclusion made no difference. *Id.* Rather, the role of this evidence in the context of this trial was *crucial* to the key issue of responsibility, and therefore, in my opinion, its exclusion was harmful. *Id.*; *see* TEX. R. APP. P. 44.1(a)(1).

Because I believe that at a minimum, the trial court erred in excluding evidence of Turner's mental health conditions, as well as her alcohol and illegal drug use at the time of the accident, I

would reverse the trial court's judgment and remand the matter for a new trial that would allow JBS to present the excluded evidence in support of its proportionate responsibility claim. Accordingly, I respectfully dissent.

Marialyn Barnard, Justice