

## NUMBER 13-09-347-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**RUDY'S PLUMBING SERVICE AND**          **Appellants,**
**RODOLFO RODRIGUEZ,**

**v.**

**TINA DE LOS SANTOS, INDIVIDUALLY AND**
**AS INDEPENDENT EXECUTRIX OF THE**
**ESTATE OF JAVIER DE LOS SANTOS,**          **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from a summary judgment granted in favor of Tina G. De Los Santos, individually, and as Independent Executrix of the Estate of Javier De Los Santos, appellant, and against appellees, Rudy's Plumbing Service and Rodolfo Rodriguez ("Rudy's") in a suit alleging multiple causes of action for property damage stemming from a water leak allegedly caused by Rudy's negligence in installing a water heater. Rudy's raises nineteen issues, complaining that the trial court erred in granting summary judgment on all causes of action pleaded by De Los Santos. We reverse and remand.

## I. BACKGROUND

The petition filed by De Los Santos against Rudy's urged causes of action for negligence, breach of contract, breach of warranty, negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, negligence per se, fraud, fraudulent inducement, and gross negligence as a result of a serious plumbing leak that occurred shortly after Rudy's installed a water heater under the kitchen sink at the De Los Santos home. The evidence was undisputed that, on June 3, 2003, Rudy's installed the water heater. Within thirty minutes of leaving the De Los Santos home, a broken water line began spewing water inside the residence. Rudy's returned to the home shortly after being called, shut off the water; and determined that the connection to the water heater had separated and was leaking. Rudy's attempted to clean up the water, but De Los Santos urged that the efforts failed and significant water damage occurred to the home. De Los Santos subsequently filed suit against Rudy's.

On November 17, 2008, De Los Santos moved for partial summary judgment. The motion detailed the facts and mentioned the causes of action pleaded—breach of contract,

negligence, breach of warranty, violations of the Texas Deceptive Trade Practices Act, and negligence per se. The motion stated that defendants breached their contract because the plumbing job failed. The motion included allegations that defendants were negligent in failing to render professional services in a good and workmanlike manner. As grounds, De Los Santos urged only that there is no genuine issue as to any material fact in this cause, and plaintiff was entitled to judgment against defendants as a matter of law. The motion also stated that there is no genuine issue of fact necessary to "establish each and every element of one or more of plaintiff's causes of action, nor is there any genuine issue on the element of damages consisting of the restoration cost of the plaintiff's home, and plaintiff is therefore entitled to a judgment on the issue of liability and on the element of damages for the restoration cost of Plaintiff's home as a matter of law." The motion was supported by Rodriguez's deposition excerpts, the affidavit of Manuel Montemayor, who was De Los Santos's engineering expert, and the affidavit of appellee's attorney Hugo Xavier de los Santos.

In response, Rudy's argued that the motion was nothing more than a recital of facts, some disputed, and urged that the stated grounds for summary judgment were not specific. Rudy's filed objections to Montemayor's affidavit because it was conclusory and Montemayor was not qualified. Rudy's submitted additional excerpts from Rudolfo Rodriguez's deposition and the affidavit of John Skaggs with respect to attorney's fees.

## II. STANDARD OF REVIEW

A party seeking to recover upon a claim may move for summary judgment in his favor upon all or any part thereof. TEX. R. CIV. P. 166a(a). When the plaintiff moves for

summary judgment on a claim for relief, as in this case, the plaintiff must affirmatively demonstrate by summary judgment evidence that there is no genuine issue of material fact concerning each element of his claims, including the existence of damages or loss. *See Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999); *Green v. Unauthorized Practice of Law Comm.,* 883 S.W.2d 293, 297 (Tex. App.–Dallas 1994, no writ); *see also* TEX. R. CIV. P. 166a(a) (providing that summary judgment may be entered on issue of liability alone, although there is genuine issue as to amount of damages). The plaintiff meets this burden if he produces evidence that would be sufficient to support an instructed verdict at trial. *See Ortega-Carter v. Am. Int'l Adjustment Co.,* 834 S.W.2d 439, 441 (Tex. App.–Dallas 1992, writ denied).

We review a traditional summary judgment de novo. *Roehrs v. FSI Holdings, Inc.,* 246 S.W.3d 796, 805 (Tex. App.–Dallas 2008, pet. denied). We consider the evidence in the light most favorable to the non-movant and resolve all doubts in the non-movant's favor. *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. *See* TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex. 1979).

The supreme court has held that the specific grounds for summary judgment must be contained in the motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion and a court may not rely on briefs or summary judgment evidence in determining whether grounds are expressly presented.

4

*Id.*

The contention that there is no genuine issue as to any material fact does not, by itself, constitute a "specific ground" for summary judgment as required by rule 166a(c). *See* TEX. R. CIV. P. 166a(c); *see also Siegert v. Herndon,* 961 S.W.2d 348, 349 (Tex. App.–Houston [1st Dist.] 1997, no writ) (holding that a motion for summary judgment which merely stated that there was no genuine issue of material fact, but provided no further explanation, "failed to set out grounds for relief"). The movant for summary judgment must "assert grounds in the motion for summary judgment itself and establish its entitlement to summary judgment." *McConnell,* 858 S.W.2d at 342. Therefore, the movant for summary judgment must state the specific grounds and also provide a basis in the facts, which establishes an entitlement to summary judgment on such grounds.

### III. ANALYSIS

Here, the motion sets forth numerous causes of action against Rudy's—breach of contract, negligence, violations of the deceptive trade practices act, and negligence per se. The motion does not delineate specifically which ground or grounds upon which De Los Santos is moving for summary judgment. If it is on the ground that Rudy's was negligent, De Los Santos should have stated that she was moving for summary judgment on the ground of negligence, set forth the elements of her negligence claim, and presented the evidence showing as a matter of law why she was entitled to judgment on that claim. Likewise, if she was moving for summary judgment upon her contract claim, she should have stated that she was moving for summary judgment on that ground and set forth why she was entitled to a motion for summary judgment on that claim. She should have

5

presented evidence on the elements of breach of contract and evidence showing that she was entitled to judgment on that claim as a matter of law. Instead, she combines the various causes of action and, merely seeks summary judgment on "liability."

As presented, Rudy's, as the non-movant, was placed in the unenviable position of having to attack each of the pleaded claims, even though the motion itself did not attempt to either separate them or explain upon which ground De Los Santos was moving for summary judgment. Rudy's raised the deficiency of the motion in its response to the motion for summary judgment as well as several objections to De Los Santos's summary judgment evidence. The trial court overruled the specific objections to the proof but never affirmatively ruled on the deficiency of the motion, although it is fair to assume that the trial court did not find the motion deficient considering the motion was granted.

The statement that De Los Santos was moving for summary judgment on "liability" is simply not specific enough, especially when several causes of action were urged, and the motion did not specifically address the individual grounds. The burden shifts to the non-movant only when the movant establishes his or her right to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). A non-movant should not be required to attack every cause of action pleaded by a movant in response to a motion for summary judgment that fails to specifically set forth the ground in the motion. Because the motion itself failed to specifically set forth the grounds upon which De Los Santos was moving for summary judgment and to delineate the evidence with respect to each of those grounds, we sustain Rudy's issues as they relate to the insufficiency of the motion.

6

Because Rudy's complains of the deficiency of the motion only in its summary judgment response and in the "summary of the argument" portion of its brief, but does not present an issue upon which this Court can rule, we are compelled to address all of the issues raised by Rudy's in its brief, which go to the merits of the summary judgment motion.

First, Rudy's complains that De Los Santos did not establish her right to summary judgment on her negligence claim as a matter of law. In order to establish entitlement to summary judgment on her negligence claim, she was required to prove, as a matter of law: (1) a legal duty to the plaintiff; (2) a breach of duty; and (3) proximate cause and damages. *SW Key Program v. Gil-Perez*, 81 S.W.3d 269, 274 (Tex. 2002). In response to De Los Santos's motion for summary judgment, Rudy's introduced the deposition of Rodriguez, who testified that when he left the De Los Santos residence, there was no leak. When he returned to the house after a telephone call from the owner, there was a leak; one of the pipes was loose around the connections. He said that he used primer on both ends and held it for fifteen seconds. Rodriguez stated that, in the thrity years he had been a plumber, he had never had anything like that happen.

Questions of negligence and proximate cause are usually fact issues that cannot be determined by summary judgment. *See Avalos v. Brown Automotive Ctr., Inc.*, 63 S.W.3d 42, 48 (Tex. App.–San Antonio 2001, no pet.) (citing *Drooker v. Saeilo Motors*, 746 S.W.2d 394, 400 (Tex. App.–Houston [1st Dist.] 1988, writ denied)). De Los Santos's motion for summary judgment did not establish either negligence or proximate cause as a matter of law. Rodriguez's deposition testimony creates a fact issue with regard to the

7

negligence issue.

Second, Rudy's argued that De Los Santos was not entitled to summary judgment on her contract claim. In order to recover on her breach of contract claim, De Los Santos was required to prove: (1) there was a valid, enforceable contract; (2) she performed or tendered performance; (3) Rudy's breached the contract; and (4) Rudy's breach caused damages. *Valero Mktg. & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.). In her motion, De Los Santos states: "Defendants breached their contract in that their plumbing job failed, consequently leaving a full flowing, leaking, water line that caused substantial damage to plaintiff's home." However, she points to no summary judgment evidence in the record to support the existence of a valid, enforceable contract between the parties. She has not established as a matter of law her right to summary judgment on her contract claim.

Next, De Los Santos claimed that she had established breach of warranty as a matter of law. In order to establish liability for breach of warranty for services, De Los Santos was required to prove as a matter of law: (1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury. *Paregon Gen. Contractors, Inc. v. Larco Const. Inc.*, 227 S.W.3d 876, 886 (Tex. App.–Dallas 2007, no pet.). Again, Rodriguez stated in his deposition that he performed the services in the same manner he had done for the past thirty years without incident. De Los Santos has

8

not established her right to summary judgment on her breach of warranty claim as a matter of law.

De Los Santos also pleaded claims for fraud and negligent misrepresentation. In order to establish a claim for negligent misrepresentation, a plaintiff must prove that the defendant made a representation to the plaintiff and that the defendant supplied false information for the guidance of the other. *McCamish, Martin, Brown & Loeffler v. F.E. Appling*, 991 S.W.2d 787, 791 (Tex. 1999). De Los Santos did not prove either element as a matter of law. Thus, she did not establish her right to summary judgment as a matter of law on her claim of negligent misrepresentation. Similarly, in order to recover on her fraud claim, De Los Santos had to prove that a false representation was made, and when the speaker made it, he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion. *Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768, 774 (Tex. 2009). There was no summary judgment evidence offered that Rudy's plumbing made a false representation either knowing it was false or made recklessly. De Los Santos did not establish her fraud claim as a matter of law. With respect to De Los Santos's claims under the Texas Deceptive Trade Practices Act, her claims also fail because she did not establish her right to recover because she offered no evidence to support the various pleaded violations of the Act. At a minimum, she should have set forth the elements of the claims and the evidence she believes supports those violations. She failed to do either.

Because we are reversing and remanding the liability claims, we also must reverse and remand the damage award. TEX. R. APP. P. 44.1(b). We likewise must reverse and

9

remand the award of attorney's fees. *See Intercontinental Group P'Ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009). We sustain each of Rudy's issues and reverse and remand the case.

## IV. CONCLUSION

The judgment of the trial court is reversed and the cause is remanded to the trial court.

ROSE VELA
Justice

Delivered and filed the 2nd
day of July, 2010.